391 So.2d 289 (1980)
Robert ASHENOFF, Anthony Restucci and Douglas Ray Emmons, Appellants,
v.
The STATE of Florida, Appellee.
No. 79-1960.
District Court of Appeal of Florida, Third District.
December 9, 1980.
Rehearing Denied January 8, 1981.
Daniel D. Mazar, South Miami, Charles I. Poole, Miami, for appellants.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
Defendants were convicted by a jury of conspiracy to sell cannabis and acquitted of *290 possession with intent to sell cannabis. They now appeal their convictions and sentences[1] contending the evidence failed to support the charge of conspiracy. They also challenge the court's denial of their motions to suppress. We agree that the state failed to establish a conspiracy and reverse.
Officer Green of the Broward County Sheriff's Office, relying on information furnished by a confidential informant, met with Dade County officers in furtherance of an undercover investigation involving the sale of a kilo of cocaine and a quantity of marijuana. Officer Green, his partner, and the confidential informant went to the residence of Herbert Turnbull where they discussed price and quantity of the marijuana. Their discussions were intercepted and recorded by means of a body bug. Officer Green, his partner, the confidential informant, and Turnbull then proceeded to another location where they discussed with two other people, Burkley and Burnsed, the purchase of 500 pounds of marijuana and a quantity of cocaine. These conversations were also recorded. Next, Officer Green, his partner, Turnbull, Burnsed, Burkley, and the confidential informant went to defendant Restucci's residence. There, Officer Green discussed cocaine with Burnsed and marijuana with another person, Harapas, and defendant Restucci. Defendants Ashenoff and Emmons arrived and also discussed marijuana, but money was not mentioned and no arrangements were made. Emmons talked about the best type of transportation and Ashenoff discussed the marijuana's ultimate destination.
Officer Green and his partner left defendant Restucci's home and followed a car occupied by Burnsed, Ashenoff, and Emmons to Palazzo's residence where Burnsed indicated the marijuana would be purchased. Defendant Restucci stayed behind at his home. Palazzo led Officer Green, Green's partner, Burnsed, and Ashenoff outside to a truck which Palazzo opened to reveal a large quantity of marijuana. Defendant Emmons had remained inside the house. Palazzo, Burnsed, and Officer Green selected and weighed the bales of marijuana and handed them to Ashenoff outside the truck. At this point, the police arrived. Although others were arrested, only Ashenoff, Emmons, and Restucci are parties to this appeal.
The jury returned verdicts finding defendants guilty of conspiracy to sell cannabis, but acquitting them of manufacture or possession with intent to sell, manufacture or deliver cannabis.
Applying the guidelines enunciated in prior cases on this issue, we examine the evidence. Testimony discloses that defendant Restucci discussed marijuana with Officer Green and made a phone call which was not overheard. He did not participate directly in the arrangements but did direct the undercover police officers and confidential informant to the Palazzo house. He did not accompany them.
Defendant Emmons talked with Officer Green regarding the best type of vehicle to use to transport the marijuana. He drove to Palazzo's residence where he engaged in a conversation with defendant Ashenoff, Burnsed, and Palazzo, which Officer Green could not hear. Emmons stayed inside the house and did not accompany the other men when they went outside to the truck.
Defendant Ashenoff joined in the marijuana-related discussions with Officer Green. He also drove to Palazzo's residence, joined in the discussion there, which Officer Green could not hear, and accompanied Officer Green, Palazzo, and Burnsed to the truck where he helped unload the marijuana bales.
*291 These acts may well have presented a prima facie case of aiding and abetting in the offense of possession with intent to distribute marijuana, but they do not establish the crime of conspiracy. Conspiracy under Section 777.04(3), Florida Statutes (1977) is defined as an express or implied agreement or understanding between two or more persons in order to accomplish a criminal offense. Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979); see e.g., State v. Burkett, 344 So.2d 868 (Fla. 2d DCA 1977); § 777.04(3), Fla. Stat. (1977); 16 Fla.Jur.2d Conspiracy § 1547 (1979). Both an agreement and an intention to commit the offense are necessary elements. King v. State, 104 So.2d 730 (Fla. 1958). Although proof of a conspiracy may be inferred from appropriate circumstances, Resnick v. State, 287 So.2d 24 (Fla. 1973); Manner v. State, 387 So.2d 1014 (Fla. 4th DCA 1980), and proof of a formal agreement is not necessary, Borders v. State, 312 So.2d 247 (Fla. 3d DCA 1975), a conspiracy may not be inferred from aiding and abetting alone. Boyd v. State, 389 So.2d 642 (Fla. 2d DCA 1980). "The tendency to make the crime so elastic, sprawling and pervasive as to defy meaningful definition" must be avoided. Ramirez v. State, supra, at 1066, citing Goldberg v. State, 351 So.2d 332 (Fla. 1977).
The applicable law of conspiracy has been stated by this court:
Conspiracy is a separate and distinct crime from the offense which is the object of the conspiracy. Swindle v. State, 254 So.2d 811 (Fla. 2d DCA 1971); Sheldon v. State, 178 So.2d 34 (Fla. 3d DCA 1965). Moreover, conspiracy is one step removed from an attempt to commit the offense which is the object of the conspiracy, and, thus is two steps removed from the actual commission of the substantive offense. Hutchinson v. State, 315 So.2d 546, 549 (Fla. 2d DCA 1975). As such, evidence that a person aided and abetted another in the commission of an offense, although sufficient to convict the person as a principal in such offense under Section 777.011, Florida Statutes (1977), is insufficient to convict either person of a conspiracy to commit the subject offense. Little v. State, 293 So.2d 775 (Fla. 2d DCA 1974).
Ramirez v. State, supra at 1065.
Mere presence at the scene of an offense is insufficient to establish a conspiracy. Conspiracy must be proved beyond a reasonable doubt, Boyd v. State, supra, and there is nothing in this record to support an agreement and an intention to commit the separate offense of conspiracy. The conversations related only to the offenses upon which the defendants were acquitted.
We hold the evidence was insufficient to establish the offense of conspiracy under applicable law, and we therefore reverse the convictions with directions to discharge the defendants. In light of our disposition of this cause, it is unnecessary for us to reach the other issues raised.
Reversed.
NOTES
[1] Defendant Ashenoff was placed on probation for a period of four years with a condition that he serve six months in the Dade County Jail and fined $1,000. Defendant Restucci was placed on five years probation with a condition that he serve two years in the state penitentiary and fined $3,000. Defendant Emmons was placed on five years probation with a condition that he serve three years in the state penitentiary and fined $5,000. Our disposition of this cause makes it unnecessary for us to consider the applicability of Villery v. Florida Parole and Probation Commission (Fla. 1980) (Case No. 57,935, opinion filed October 30, 1980), to these sentences.