DELL, Judge.
A jury found appellant guilty of possession of a firearm by a convicted felon. He appeals.
An off duty police officer dressed in full police uniform witnessed an altercation among several persons in front of the Crown Lounge. He observed a male with blonde hair walk to some parked cars and take something out of a vehicle. The man walked back towards the group at the Crown Lounge carrying a handgun. The officer heard the shot of a revolver. The man returned to his vehicle and began to drive off, ignoring the officer’s shout to stop. The officer then failed in an attempt to pull the driver out of the open car window as the automobile drove past him. The next day the officer received an anonymous telephone call from a woman claiming to have information about the incident. She told the officer that appellant had fired the gun. Based on this information, the officer constructed a photographic lineup.
Appellant contends that his conviction should be reversed because the trial court admitted testimony which constituted inadmissible hearsay. He also challenges the sufficiency of the evidence to support the conviction.
On direct examination, the prosecutor asked the officer the following questions about the anonymous telephone call:
Q. You say you received a phone call the next day?
A. Yes, sir.
Q. Would you classify that as an anonymous phone call?
A. She refused to identify herself but she stated she had information about who the driver of the vehicle was who fired the gun and the entire incident.
Q. Who did she say it was?
MR. HARRINGTON: Your Honor, I object to any response as to what this anonymous caller stated. It’s hearsay; not firsthand knowledge of this witness.
THE COURT: I’ll accept the testimony of what was told to him but I’ll caution the jury not to consider that the words *60 that were spoken to this officer by this so-called anonymous phone caller are coming in for the truth of the words. Only the fact that the officer did receive the call and someone did give him a name.
[[Image here]]
Q. Again, you stated you received an anonymous phone call the next day?
A. Yes, sir.
Q. What did this person tell you?
. A. That she knew the identity of the subject that had fired the gun and driven the car that I had to get out of the way of. Otherwise, it would have run me over.
Q. Was that Robert Earl Beatty?
A. Yes, sir.
Another witness testified:
A. ... Sergeant Kellogg presented to me his police report and he stated that he had received a phone call at the Deerfield Beach Police Department from an anonymous caller implicating Mr. Beatty. I too received several phone calls implicating Mr. Beatty as the person involved.
Q. That would be Robert Earl Beatty?
A. Yes.
[[Image here]]
MR. HARRINGTON: Perhaps it would be best to make a standing objection to these anonymous phone calls referring to Mr. Beatty as hearsay, I think it’s going to come up now and then rather.
THE COURT: I sustain the objection. I think if he receives anything specific I think he can indicate if he got a call what someone may have said if it was an anonymous call. Otherwise, I’m going to strike the testimony about getting information from additional calls and ask the jury to disregard that.
[[Image here]]
Q. Did you receive anonymous phone calls in regard to this case?
A. Yes, I did.
Q. What did the anonymous callers tell you?
A. There’s an anonymous female who stated to me that she wanted to give information with regards to the incidents that occurred on the date you just mentioned but she didn’t want to come into the police department and I asked her name. She refused to give it to me. Then she did give me the name of Robert Earl Beatty.
MR. HARRINGTON: Your Honor, same objection.
MR. DUPREE: Can we approach the bench?
THE COURT: Overruled. Ladies and gentlemen, again, the officer’s testimony if you believe the statement just made did take place then you can consider the words that were stated to the officer only that they were stated and not for the truth of the words that were spoken.
In other words, that Mr. Beatty was the one that was involved. Okay. Only that somebody said that to him. If you believe that. Go ahead.
The trial court admitted this hearsay testimony based upon the much overworked exception to the hearsay rule which allows such hearsay when the inquiry is directed not to the truth of the words spoken, but rather to whether the words were in fact spoken. Breedlove v. State, 413 So.2d 1 (Fla.1982). No reasonable interpretation of the testimony presented by the State in this case would allow us to conclude that the State introduced this testimony for any other purpose than for the truth of the words spoken in order to identify appellant as the perpetrator of the crime. The facts considered by the Third District Court in Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981), pale by comparison to the admission of the gross hearsay permitted by the trial court in this instance. In Postell, the court held:
We reject the trial court’s wooden application of the hearsay rule and the confrontation clause of the Sixth Amendment. We hold that where, as in the present case, the inescapable inference from the testimony is that a non-testifying witness has furnished the police with *61 evidence of the defendant’s guilt, the testimony is hearsay, and the defendant’s right of confrontation is defeated, notwithstanding that the actual statements made by the non-testifying witness are not repeated. In so holding, we announce no novel rule.
Id. at 854.
It is equally clear that in this case, the trial court erred by admitting the police officer’s hearsay testimony and thereby denied appellant the right of confrontation and a fair trial.
Appellant also claims that the trial court erred when it allowed the police officer to testify that he placed the defendant’s photograph in a photographic lineup after receiving undisclosed information from an undisclosed source. Appellant did not preserve this point for appellate review. However, on retrial, we direct the trial court’s attention to the observation made by this court in Rolle v. State, 416 So.2d 51 (Fla. 4th DCA 1982). We need not address appellant’s final point on appeal concerning the sufficiency of the evidence, since this case must be reversed and remanded for a new trial.
REVERSED and REMANDED.
ANSTEAD and WALDEN, JJ., concur.