491 So.2d 340 (1986)
Bruce Robert SAYLOR and Patrick Robin Hirst, Appellants,
v.
The STATE of Florida, Appellee.
No. 86-110.
District Court of Appeal of Florida, Third District.
July 22, 1986.
Bruce Rogow, Fort Lauderdale and Edward J. McHale, for appellant Hirst.
Edward J. O'Donnell, Jr., Miami, for appellant Saylor.
Jim Smith, Atty. Gen., and Richard L. Kaplan, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
*341 PER CURIAM.
Bruce Saylor and Patrick Hirst, charged in a two-count information with possessing cocaine and conspiring with one another to traffic in cocaine, were convicted on the conspiracy count only. They contend on appeal, as they did below, that there is no evidence from which a reasonable-minded jury could find beyond a reasonable doubt their guilt of the crime of conspiracy.[1] We agree and reverse with directions to discharge the defendants.[2]
The evidence, viewed most favorably to the State and consisting entirely of the testimony of a single police officer, Thomas Helms, reveals that Helms, having learned from an informant that a cocaine sale could be made at a certain motel, obtained four kilograms of cocaine from the police property room and accompanied the informant to the motel. There the informant introduced Helms to the defendant Hirst in the lobby, and all three went upstairs to a room where Helms met Saylor. There is absolutely no evidence that Hirst said anything during an ensuing conversation between Helms and Saylor about doing a cocaine deal, or that there was any suggestion by Saylor, in which Hirst might be said to have acquiesced by his silence, that Hirst had agreed with Saylor to buy the cocaine from Helms. The sole remaining testimony pertaining to Hirst's activities is that when Helms left the room and went downstairs to get the cocaine, Hirst went with him; and when they returned to the motel room, Helms gave three boxes of cocaine to Hirst, which Hirst placed on the counter. Helms gave the remaining box to Saylor, who proceeded to open it and examine the cocaine.
Assuming, arguendo, that the recited evidence would support the conclusion that Hirst was aiding and abetting Saylor's purchase and possession of cocaine, and that Hirst, himself, had committed the substantive offense of possession, this court's decisions in Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980), and Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla. 1980), make clear that although sufficient to prove these substantive crimes, this evidence does not establish the crime of conspiracy. As was stated in Ashenoff:
"Conspiracy under Section 777.04(3) (1977) is defined as an express or implied agreement or understanding between two or more persons in order to accomplish a criminal offense. Both an agreement and an intention to commit the offense are necessary elements. Although proof of a conspiracy may be inferred from appropriate circumstances and proof of a formal agreement is not necessary, a conspiracy may not be inferred from aiding and abetting alone." 391 So.2d at 291 (citations omitted).
In Ashenoff, an officer and a confidential informant went to defendant Restucci's residence where the officer discussed marijuana with Restucci and another person. "Defendants Ashenoff and Emmons arrived and also discussed marijuana, but money was not mentioned and no arrangements were made. Emmons talked about the best type of transportation and Ashenoff discussed the marijuana's ultimate destination." Id. at 290. Restucci remained at home while the officer followed Ashenoff, Emmons, and another man to a different residence. The owner of that residence led the officer, Ashenoff and the other man to a truck which contained a large quantity of marijuana. Emmons remained in the house. The bales were selected by the officer and his cohorts and *342 handed to Ashenoff. Ashenoff, Emmons and Restucci were arrested and ultimately convicted of conspiracy to sell marijuana. Id.
This court reversed, holding that "there is nothing in this record to support an agreement and an intention to commit the separate offense of conspiracy." Id. at 291. In so holding, we acknowledged that Restucci discussed marijuana and directed the officer and informant to the residence where the marijuana was housed; that Emmons discussed transportation of the marijuana with the officer and drove to its site; and that Ashenoff discussed the marijuana with the officer, drove to the site, engaged in another discussion which was not overheard, accompanied the officer to the truck, and helped unload the bales. Despite that, we concluded that while "[t]hese acts may well have presented a prima facie case of aiding and abetting in the offense of possession with intent to distribute marijuana ... they do not establish the crime of conspiracy." 391 So.2d at 291.
Ramirez is much the same. There, police seized nine and one-half tons of marijuana contained in several boats which had been observed and then discovered aground off Snapper Creek. Ramirez and two others were spotted in the nearby residential area and, when ordered to stop, all three fled. When Ramirez was caught (as were others, on and off the boats), he gave an incriminating statement linking him to one of the marijuana boats, and his fingerprint was found on a cigarette box in one of the boats. Again, the conspiracy convictions were set aside on the ground of insufficiency of the evidence.
Thus, having concluded that the evidence did not support the conspiracy convictions of Ramirez and his cohorts or Ashenoff and his, defendants who participated more substantially in the criminal activity than did Hirst, we are compelled to conclude that the evidence in the present case, a fortiori, falls short of proving the crime of conspiracy. Accordingly, the defendants' convictions are
Reversed with directions to discharge.
NOTES
[1] The defendants concede, for the sake of argument, that the evidence may have supported their convictions on the possession charge, but that issue, rightly or wrongly, was settled by the jury's acquittal of them.
[2] Our disposition of the defendant's insufficiency claim favorable to them makes it unnecessary for us to address their contention that they were deprived of a fair trial by the prosecutor's "be the community's conscience" argument. See Hines v. State, 425 So.2d 589 (Fla. 3d DCA 1982), rev. denied, 430 So.2d 452 (Fla. 1983); Gomez v. State, 415 So.2d 822 (Fla. 3d DCA 1982); accord United States v. Monaghan, 741 F.2d 1434 (D.C. Cir.1984), cert. denied, ___ U.S. ___, 105 S.Ct. 1847, 85 L.Ed.2d 146 (1985).