527 So.2d 928 (1988)
Robert David CORSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1580.
District Court of Appeal of Florida, Fifth District.
June 30, 1988.
James B. Gibson, Public Defender and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Charged along with co-defendant Danny Floyd Skipper of actual or constructive possession of cocaine (section 893.13(3), Florida Statutes (1987)), defendant moved to dismiss the information under Florida Rule of Criminal Procedure 3.190(c)(4). When the trial court denied the motion, defendant pled nolo contendere, reserving his right to *929 appeal the denial of his dispositive motion to dismiss.
The sworn motion to dismiss, not traversed by the State, alleged these material facts:
a. On January 30, 1987, the BCSO established an undercover operation in the vicinity of Hill Street and Easy Street on Merritt Island.
b. This is known to BCSO Deputies as an area where "crack" cocaine dealing occurs.
c. On January 30, 1987, a green Chevrolet station wagon driven by Robert Corson pulled into a parking lot located near the corner of Hill Street and Easy Street.
d. The vehicle was occupied also by Andrew Shaftick who sat in the front passenger seat, and by Danny Skipper who sat in the rear passenger seat.
e. Undercover Agent Charles White approached the vehicle and asked the occupants what they wanted.
f. Skipper responded that he wanted "only $9.00 worth or rock", and was handed a plastic baggie containing cocaine by Agent White. Skipper then gave White $9.00.
g. Agent White told all three subjects it was a "real deal".
h. A visual arrest signal was given by Agent White, and Corson, Shaftick and Skipper were arrested.
i. The plastic baggie was found by Agent Brewer on the rear seat of the vehicle, but the cocaine could not be found.
i. [sic] Danny Skipper admitted to Agent Brewer that he removed the cocaine from the plastic bag and threw the cocaine from the vehicle prior to his arrest.
From these undisputed facts, it is clear that defendant Corson never had actual possession of the contraband. To establish defendant's constructive possession, the State was required to prove three essential elements: (1) his dominion and control over the contraband; (2) his knowledge that the contraband was within his presence; and (3) his knowledge of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla. 1983), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). Here, the evidence was undisputed that the back seat passenger, Skipper, had actual dominion and control over the cocaine. He was the sole purchaser, he was apparently handed the cocaine by the officer, and he alone disposed of the cocaine.
The State argues that the fact that defendant drove to the spot where the cocaine purchase occurred was sufficient to establish that the defendant had constructive possession of the cocaine. While these facts could arguably prove elements (2) and (3) above, they do not prove the first element, dominion and control. The State relies on Johnson v. State, 456 So.2d 923 (Fla. 3d DCA 1984) where the court stated that in many instances the ability to control narcotics can be inferred from the ability to exercise control over the premises where they are found. However, merely because the defendant had control of the vehicle does not show that defendant had the ability to maintain control over the cocaine under the facts of this case. See Harris v. State, 501 So.2d 735 (Fla. 3d DCA 1987) (the fact that defendant was riding in the pickup truck which was carrying cocaine for delivery was insufficient to show defendant had the ability to maintain control over the cocaine); A.S. v. State, 460 So.2d 564 (Fla. 3d DCA 1984) (cocaine found hidden inside roll of toilet tissue in glove compartment of defendant's sister's car which defendant was driving was insufficient to show defendant's constructive possession); Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978) (fact that defendant was in the driver's seat of a jointly occupied vehicle in which drugs were found was insufficient to allow the jury to find him guilty of constructive possession of marijuana). There was no evidence either directly or inferentially tending to prove that defendant had or could exercise dominion and control over the substance. Perhaps defendant could have been found to be an aider and abetter, but he was not charged with that crime. *930 The motion to dismiss should have been granted.
REVERSED.
SHARP, C.J., and DAUKSCH, J., concur.