535 So.2d 343 (1988)
Emilio JIMENEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1904.
District Court of Appeal of Florida, Second District.
December 16, 1988.
*344 Manuel A. Machin, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alan L. Overton, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
The appellant alleges that the evidence at his jury trial does not support his conviction for conspiracy to traffic in cocaine. We agree and reverse.
The crime of conspiracy involves an express or implied agreement between two or more people to commit a criminal offense. Both an agreement and an intent to commit the offense are necessary elements. Beke v. State, 423 So.2d 417 (Fla. 2d DCA 1982); Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla. 1980). It has been well settled that mere presence at the scene of an offense coupled with knowledge of the offense is insufficient to establish a conspiracy. Honchell v. State, 257 So.2d 889 (Fla. 1971); Sanchez v. State, 398 So.2d 847 (Fla. 2d DCA 1981). Even evidence that a person aided another in the commission of the offense is insufficient to convict either person of a conspiracy to commit the offense. Voto v. State, 509 So.2d 1291 (Fla. 4th DCA 1987); Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980).
The state submits that the record shows that there was cocaine trafficking in the appellant's home and that he was aware of the transaction and its details. Also, the state maintains that the appellant relayed information concerning the amount of cocaine to be obtained, and requested a telephone number to contact the undercover detective when the cocaine arrived. These inferences are drawn in the light most favorable to the state, but even so, we do not find that this evidence demonstrates the required agreement and intent to commit the offense which are necessary to sustain a conviction for conspiracy.
In Ashenoff v. State, the appellants were convicted of conspiracy to sell cannabis and acquitted of possession with intent to sell cannabis. They clearly had knowledge of what was transpiring because they were present when the purchase of 500 pounds of marijuana and cocaine was discussed. Moreover, they assisted in selecting and weighing the bales of marijuana and in handing them to other defendants outside the truck. The third district held that their presence and participation at the scene of the offense was insufficient to establish a conspiracy, although the evidence did present a prima facie case of aiding and abetting.
Here, the state proved only that appellant was present at his home when the transaction occurred and made some allegedly incriminating remarks in Spanish to a detective who only partially understood Spanish. The state presented hearsay testimony that the appellant took the detective's telephone number to give to his brother when he arrived. The detective to whom these remarks were addressed was the only one who remembers them. Such actions still fall short of the participation of the appellants in Ashenoff, who actually handled the contraband and participated in numerous discussions regarding the transaction. As were the defendants in Ashenoff, appellant was acquitted of trafficking in cocaine, possession of cocaine, and delivery of cocaine. We thus find the state's evidence insufficient to satisfy the basic elements of conspiracy, an agreement and an intent to commit the criminal offense.
In addition, we find that the court erred in admitting hearsay testimony. A police sergeant was allowed to testify to the content of conversations he had with an informant, and stated that the informant said he had conversed with the appellant and his brother and they had agreed to deliver the cocaine. Appellant and his brother denied appellant's involvement in any conversations concerning cocaine. The state was allowed to introduce this evidence while never producing the informant.
*345 In addition, another undercover detective who did not speak or understand Spanish, related that the informant told her that the appellant had received a phone call from his brother, and that the delivery of the cocaine was going to be delayed. These statements were the only evidence that appellant conspired with his brother to commit the offense. The introduction of the informant's testimony through other witnesses effectively deprived appellant of the right to confront witnesses against him. Davis v. State, 493 So.2d 11 (Fla. 3d DCA 1986); Beatty v. State, 486 So.2d 59 (Fla. 4th DCA 1986); Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981), rev. den., 411 So.2d 384 (Fla. 1981).
Accordingly, we reverse appellant's conviction for conspiracy to traffic in cocaine.
REVERSED.
FRANK, A.C.J., and PARKER, J., concur.