542 So.2d 984 (1989)
Olga ROMANI, M.D., Petitioner,
v.
STATE of Florida, Respondent.
No. 72947.
Supreme Court of Florida.
April 27, 1989.
*985 Bradley R. Stark, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., Miami, for respondent.
McDONALD, Justice.
We accepted jurisdiction in this case because the decision of the Third District Court of Appeal in Romani v. State, 528 So.2d 15 (Fla. 3d DCA 1988), conflicts with State v. Morales, 460 So.2d 410 (Fla. 2d DCA 1984).[1] A subsequent case from the First District Court of Appeal, State v. Edwards, 536 So.2d 288 (Fla. 1st DCA 1988), also conflicts with Romani. We are concerned here with what proof is required to establish a conspiracy so that the hearsay testimony of one member of the conspiracy can be used against another as authorized by section 90.803(18)(e), Florida Statutes (1987).
Dr. Olga Romani was charged with and convicted of conspiracy to commit first-degree murder and the first-degree murder of Dr. Gerado DeMola. The essential facts are stated in the opinion under review, Romani, 528 So.2d at 16-18, and need not be repeated here. The facts pertinent at this time are that the conspiracy involved at least nine people (Romani, Alvarez, Garcia, Anderson, Ibarra, Valdibia,[2] Vinas, Nodarse, and Papo), several of whom testified at trial. The trial court denied defense counsel's motions to exclude the coconspirators' hearsay statements, holding that sufficient evidence had been produced to demonstrate a conspiracy.
The district court held that the trial judge could consider the coconspirator hearsay statements in determining the out-of-court declarant's participation in the conspiracy. 528 So.2d at 21.[3] The court made this determination based upon Bourjaily v. United States, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), which held that a court, in making preliminary factual determinations, may examine the hearsay statements sought to be admitted. In Bourjaily the Supreme Court explained that out-of-court statements are only presumed unreliable and that the presumption may be rebutted. "[A] piece of evidence, unreliable in isolation, may become quite probative when corroborated by other evidence." 107 S.Ct. at 2781. Moreover, Federal Rule of Evidence 104(a) provides that in determining *986 preliminary questions concerning admissibility, the court "is not bound by the rules of evidence except those with respect to privilege."
We decline to adopt the federal approach laid out in Bourjaily and approved by the district court in Romani. There is no counterpart to rule 104(a) in the Florida Evidence Code. To the contrary, the Florida Code provides for a jury instruction that each member's participation in the conspiracy must be proved by independent evidence. § 90.803(18)(e). In accordance with the statute and prior Florida case law, we have required that a court rely upon independent evidence to prove a conspiracy, and each member's participation in it, before admitting coconspirator hearsay statements. Nelson v. State, 490 So.2d 32 (Fla. 1986); Briklod v. State, 365 So.2d 1023 (Fla. 1978); Damon v. State, 289 So.2d 720 (Fla. 1973). See also State v. Edwards. We are apprehensive that adopting the Bourjaily rule would frequently lead to the admission of statements which are not reliable. Our present rule of disallowing the statement itself in determining its admissibility helps assure that a defendant is convicted only on credible evidence. Hence, we adhere to the established rule.
In this case, however, there is sufficient independent evidence, apart from any hearsay, of a conspiracy involving Romani, Alvarez, Ibarra, and Garcia. Alvarez testified that Romani asked her if she knew of anyone who could get rid of several people, including DeMola. Romani later agreed to pay Ibarra $10,000 to commit the murders, and, at a dinner after the murder, Romani brought the final payment to give to Ibarra. This testimony is corroborated by evidence that Romani withdrew $10,000 from her bank account, deposited some of it in another account, and later withdrew that money from the new account.
There is not, however, sufficient independent evidence to establish Vinas, Valdibia, or Nodarse's participation in the conspiracy. Alvarez mentioned none of these men and apparently neither she nor Romani was aware of their role in the conspiracy. The only piece of independent evidence  the testimony about a pickup truck  is insufficient. For this reason we find that the trial court erred in admitting the part of Ibarra and Valdibia's testimony which contained statements of these coconspirators.
Section 59.041, Florida Statutes (1987), provides that no judgment may be set aside because of the improper admission of evidence unless it appears that the error has resulted in a "miscarriage" of justice. In Patrick v. Kirkland, 53 Fla. 768, 43 So. 969 (1907), this Court held that, where the competent evidence in the record is sufficient to sustain a decree, it will not be disturbed on appeal because incompetent evidence also appears in the record. See also Holmberg v. Hardee, 90 Fla. 787, 108 So. 211 (1925).
Notwithstanding the statute and many prior rulings, we have recently held that the admission of improper evidence requires reversal unless the state can demonstrate beyond a reasonable doubt that there is no reasonable possibility that the error affected the jury verdict. State v. Lee, 531 So.2d 133 (Fla. 1988). As stated in State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986):
The harmless error test, as set forth in Chapman [v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)] and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction. Application of the test requires an examination of the entire record by the appellate court including a close examination of the permissible evidence on which the *987 jury could have legitimately relied, and in addition an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.
(Citation omitted.)
Applying this test to this case, it is clear that the improperly admitted hearsay statements could not, and did not, affect the conspiracy conviction. Strong independent evidence of the conspiracy existed, and the hearsay statements did not go to Romani's participation in the conspiracy to kill. These statements were directed to the final completion of the purpose of the conspiracy, the actual murder. There is strong circumstantial evidence, adequate in itself, to support Romani's murder conviction, but the hearsay statements supplied a significant link between the established conspiracy to murder and the committed murder which was otherwise shown only by the circumstantial evidence. We are unable to say that this evidence did not affect the jury's deliberation on the homicide conviction. Thus, we hold the error harmless beyond a reasonable doubt on the conspiracy count, but we cannot so state in reference to the murder count. Hence, we approve affirming the conspiracy conviction, but the murder conviction must be vacated.
Accordingly, we quash the decision of the district court of appeal on the evidence issue and the affirmance of the murder conviction with instructions to remand for a new trial on the murder count. We approve the result of the district court on its affirmance of the conspiracy count.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Jurisdiction is predicated on art. V, § 3(b)(3), Fla. Const.
[2] Valdibia is also known as "Gonzalez."
[3] The court also held that when preliminary facts are disputed, the offering party must prove them by a "preponderance of the evidence." Romani v. State, 528 So.2d 15, 20 (Fla. 3d DCA 1988). This standard requires the evidence "as a whole [to show] that the fact sought to be proved is more probable than not." State v. Edwards, 536 So.2d 288, 292 n. 3 (Fla. 1st DCA 1988). Although the precise standard is not contested by the parties, we agree with the district court that preponderance of the evidence is the correct standard.

We also approve the district court's holding that the statements were made during the course and in furtherance of the conspiracy.