PER CURIAM.
This is an appeal by the defendant Elias-saint Mathieu from. a final judgment of conviction and sentence for armed robbery. The defendant raises three points on appeal, one of which we conclude has merit.
The defendant contends, and we agree, that the trial court committed reversible error in denying the defendant’s motion for *1158 a mistrial because, in our view, the jury clearly became aware that two non-testifying eye witnesses to the charged robbery had identified the defendant by name as the perpetrator of the robbery. The state established at trial that the victim was robbed at gunpoint while in his car with two friends. The state then placed before the jury, over objection, that (a) the victim’s two friends, who had witnessed the robbery, personally knew the man who committed the robbery, and (b) the victim (who admittedly did not know the man who committed the robbery) gave the police, on the day of the robbery, the defendant’s name as the perpetrator of the robbery. The inescapable inference from this testimony was that the two friends, who never testified below, identified the defendant by name to the victim as the perpetrator of the robbery — and that the victim conveyed this information to the investigating police detective immediately after the robbery. This being so, the above testimony was clearly inadmissible, the defendant’s Sixth Amendment right of confrontation was violated, and the trial court should have declared a mistrial. Postell v. State, 398 So.2d 851 (Fla. 3d DCA), rev. denied, 411 So.2d 384 (Fla.1981); see Jimenez v. State, 535 So.2d 343 (Fla. 2d DCA 1988); Davis v. State, 493 So.2d 11 (Fla. 3d DCA 1986); Beatty v. State, 486 So.2d 59 (Fla. 4th DCA 1986); Molina v. State, 406 So.2d 57 (Fla. 3d DCA 1981).
We recognize that the trial court did its best to keep the offending testimony from the jury and sustained the defendant’s objections to it. Unfortunately, the testimony was blurted out before an objection and ruling thereon could be made — and, accordingly, the trial court thereafter had no alternative but to declare a mistrial under Postell. The error here was devastating to the defendant under the circumstances of this case and was certainly not harmless; moreover, the error asserted was clearly preserved for appellate review by proper objection.
In view of the above, we need not reach the remaining two points on appeal. The final judgment of conviction and sentence under review is reversed, and the cause is remanded to the trial court for a new trial.
Reversed and remanded.