PER CURIAM.
Emanuel Hurbert King appeals his conviction for trafficking in cocaine in violation of section 893.135(l)(b)l, Florida Statutes, contending that the evidence adduced at trial was insufficient to prove he was in constructive possession of the cocaine found in the locked trunk of the car in which he was riding as a passenger. The state was required to prove three essential elements to establish King’s constructive possession of the cocaine:
(1) his dominion and control over the contraband;
(2) his knowledge that the contraband was within his presence; and
(3) his knowledge of the illicit nature of the contraband.
Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Corson v. State, 527 So.2d 928 (Fla. 5th DCA 1988). The record indicates that the only evidence the state presented to prove King had constructive possession of the cocaine was the fact that he had accompanied co-defendant Rice as a passenger in the car. This evidence was insufficient to support the conviction for trafficking. Harris v. State, 501 So.2d 735 (Fla. 3d DCA 1987). Because the record clearly supports the conclusion that the state’s evidence was legally insufficient to establish the elements of the trafficking offense charged, the conviction is reversed and the cause is remanded with directions *491 to discharge the defendant. See Rita v. State, 470 So.2d 80 (Fla. 1st DCA 1985).
REVERSED AND REMANDED.
THOMPSON, ZEHMER and BARFIELD, JJ., concur.