566 So.2d 829 (1990)
Carlos GUEITS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0326.
District Court of Appeal of Florida, Fourth District.
August 22, 1990.
Michael J. Doddo of Michael Doddo, P.A., Plantation, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Miles Ferris, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the defendant's convictions for trafficking in cocaine and conspiracy to traffic in cocaine.
The only direct evidence connecting the defendant to the crimes charged was his presence in the parked car whose locked trunk contained a sealed package of cocaine. The state acknowledges that the law is well settled that mere presence at the scene of the crime is insufficient to establish a person's participation in the crime. However, the state asserts that the circumstantial evidence in the instant case demonstrates a pattern which is inconsistent with any hypothesis of innocence.
The facts of this case show that in the presence of the undercover police officer the unsuspecting, alleged coconspirator placed a telephone call to an individual to *830 help the police officer arrange for the purchase of cocaine. The alleged coconspirator placed the telephone call and handed the receiver to the police officer telling him that "Carlos" was on the telephone. The police officer attempted to reach an agreement with "Carlos", but was unsuccessful during this first telephone conversation. A number of telephone calls from "Carlos" and the alleged coconspirator to the police officer ensued and ultimately a deal was struck. When the police officer arrived at the designated sale site, the alleged coconspirator gestured to a parked car and said "that's `Carlos' and his cousin." The alleged coconspirator then opened the trunk of the parked car with a key he had in his possession, retrieved the cocaine, and handed it to the police officer. The defendant did not do or say anything at any time at the sale site. He was merely seated behind the steering wheel of the car.
In addition to the evidence of the defendant's mere presence at the scene of the crime, the state offered, as evidence that the defendant committed the crimes, the hearsay statements made by the alleged coconspirator to the police officer. Asserting that these hearsay statements are admissible, the state maintains that the statements prove that the defendant Carlos was the same "Carlos" that participated in the earlier telephone negotiations with the police officer.
According to the state, the alleged coconspirator's hearsay statement to the police officer, at the time the negotiations began, that the speaker on the telephone was "Carlos" is sufficient proof to link the defendant, Carlos, to the conspiracy. The state also asserts that subsequent telephone calls received by the police officer connected the defendant to the crimes. However, the police officer's testimony reveals only that he recognized the voice, in the subsequent calls, as being the voice of the same individual that had been earlier identified by the alleged coconspirator as "Carlos."
The other hearsay statement offered by the state to connect the defendant to the crimes was the alleged coconspirator's statement at the scene of the crime that "that's `Carlos' and his cousin." According to the state, the defendant's presence at the scene of the crime and these hearsay statements created sufficient proof that the defendant was the same individual participating in the telephone negotiations, the conspiracy to traffic in cocaine, and the delivery of the cocaine.
As to the charge of conspiracy to traffic in cocaine, for the state to establish that a defendant is a participant in a conspiracy, his actions or statements, or other competent independent evidence shall be used. Absent such evidence, hearsay statements of an alleged coconspirator are not admissible. Romani v. State, 542 So.2d 984 (Fla. 1989); Damon v. State, 289 So.2d 720 (Fla. 1973); Honchell v. State, 257 So.2d 889 (Fla. 1971). In the instant case, the trial court erred in admitting the hearsay statements of an alleged coconspirator because the state failed to establish by any other competent, independent evidence or by the actions or statements of the defendant that the defendant participated in the crime charged. Other than the defendant's mere presence at the scene of the crime, the only evidence offered by the state as to the identity of the defendant as the individual involved in the telephone negotiations was the alleged coconspirator's hearsay statements made to the police officer. The state offered no other admissible evidence as to the identity of the speaker on the telephone or that the defendant was the individual that was involved in the telephone negotiations. Since the state failed to establish by the defendant's own actions or statements, or other competent evidence that the defendant participated in telephone conversations and thus, the conspiracy, the hearsay statements were inadmissible. Because the state failed to establish the elements of a conspiracy to traffic in cocaine, we conclude that the trial court erred in failing to grant the defendant's motion for judgment of acquittal as to the charge of conspiracy to traffic in cocaine. Accordingly, we reverse the conviction for conspiracy to traffic in cocaine.
*831 As to the charge of trafficking in cocaine, the state acknowledges that mere presence at the drug sale site is not sufficient to sustain a conviction, but maintains that there is ample circumstantial evidence connecting the defendant to the crime. However, the state failed to present evidence of the defendant's knowledge or involvement with the package of cocaine located in the car's locked trunk. What the evidence showed was that the defendant was seated behind the steering wheel of the car which contained cocaine in its locked trunk; that the alleged coconspirator had possession of the key that was used to unlock the car trunk; and that the alleged coconspirator removed the package of cocaine from the trunk and gave it to the police officer. The state presented no evidence that the defendant owned the car, had keys to the car in his possession or was driving the car, or that he did anything or made any statements to anyone. All the admissible evidence against the defendant showed was that he was seated behind the steering wheel of the parked car containing cocaine and that he was named "Carlos," a common name in South Florida.
In King v. State, 556 So.2d 490, (Fla. 1st DCA 1990), the court stated that the only evidence the state presented to prove the defendant had constructive possession of the cocaine was the fact that he had accompanied a codefendant as a passenger in the car. Citing Harris v. State, 501 So.2d 735 (Fla. 3d DCA 1987), the King court held that such evidence was insufficient to support the conviction for trafficking. The facts in the instant case are similar to those in King in that the admissible evidence shows only that the defendant was seated behind the steering wheel of the parked car which had cocaine in the locked trunk. As in King, the state failed to prove the essential elements of the defendant's constructive possession of the cocaine; that the defendant had dominion and control over the contraband, knowledge of the presence of contraband, and knowledge of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla.) cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Corson v. State, 527 So.2d 928 (Fla. 5th DCA 1988). We conclude that the state failed to establish the elements of trafficking in cocaine and thus, the trial court erred in failing to grant defendant's motion for a judgment of acquittal as to the charge of trafficking in cocaine. Accordingly, we reverse the conviction for trafficking in cocaine.
Because the state's evidence was legally insufficient to establish the elements of trafficking in cocaine and conspiracy to traffic in cocaine, the convictions are reversed and the cause is remanded to the trial court with directions to discharge the defendant. See King.
REVERSED AND REMANDED.
DOWNEY, GUNTHER and WARNER, JJ., concur.