PER CURIAM.
Appellant, Clarence Farmer, appeals his conviction for possession of cocaine. We affirm the conviction, and, in doing so, address appellant’s argument that the evidence on which the conviction is based is legally insufficient to establish constructive possession of cocaine.
Appellant was the driver of a car driven to a parking lot in the 400 block of North Macomb St., Tallahassee. The parking lot was under the surveillance of a Tallahassee police officer. In the car with appellant were two passengers. The officer observed the two passengers exit the vehicle and engage in what he believed to be illegal drug transactions. As the two were conversing, one would walk to another area, return walking quickly, displaying what he had in his hand to the other, then walk to the car to show the objects, described by the officer as “whitish rocks,” to the driver, appellant. Appellant stayed in the car during this period, and, at one point, took from one of the other men what appeared to be some whitish rocks, briefly inspected them, and returned them to the men. The passengers were observed exchanging money for the whitish rocks. Eventually, the two men got back into the car and drove off with appellant at the wheel.
Upon signal from the undercover officer, appellant’s vehicle was pursued by a City of Tallahassee police cruiser. The pursuing officers observed the right front passenger throw eight to ten small objects from the window of the moving vehicle. After the vehicle was stopped, another officer saw what later proved to be three rocks of cocaine on the right front passenger’s seat, near the leg of the passenger, in plain view. No other cocaine was found in the vehicle or in the possession of the other occupants of the car. A subsequent search led to the recovery of a number of pieces of crack cocaine thrown from the moving vehicle.
To establish appellant’s constructive possession of cocaine, the state was required to prove three essential elements: (1) appellant’s dominion and control over the contraband; (2) appellant’s knowledge that the contraband was within his presence; and (3) appellant’s knowledge of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla.1983), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). On the present facts, the only prong of this test requiring discussion is the question of appellant’s ability to control the cocaine. We hold that appellant had constructive possession of the rocks of cocaine because of a combination of factors: (1) appellant temporarily possessed the cocaine while examining it; (2) appellant took the passengers into his vehicle, knowing them to possess the cocaine; (3) appellant transported the passengers and the cocaine away from the scene of the transaction; and, most importantly, (4) several rocks of cocaine were found in appellant’s vehicle, in plain view, within arm’s reach of appellant. To actually possess these cocaine rocks, he had only to reach out and pick them up.
Appellant’s reliance on Corson v. State, 527 So.2d 928 (Fla. 5th DCA 1988) is misplaced. In that case, the court held that the driver of a vehicle did not have constructive possession of cocaine purchased by a rear seat passenger because the “abili *1053 ty to control” prong of the Brown test was not satisfied. Like appellant Farmer, Cor-son pulled his vehicle to a stop in a parking lot. An undercover agent approached and asked the occupants what they wanted. Skipper, a rear seat passenger responded “only $9.00 worth of rock,” and was handed a plastic baggie containing cocaine by the agent. Shortly thereafter, and apparently before the vehicle had left the scene of the transaction, the three occupants of the vehicle, including driver Corson, were arrested. Upon arrest, the plastic baggie was found on the rear seat of the vehicle, but the cocaine could not be found.
Corson is distinguishable from the instant case for several reasons: (1) Corson never had actual possession of the cocaine; (2) the rear seat passenger, Skipper, exerted actual dominion and control of the cocaine by being the sole purchaser, and by alone disposing of the cocaine; (3) no cocaine was found in plain view, or in a place where Corson could exert control over it; (4) Corson did not demonstrate an intention to make off with the cocaine; and (5) Cor-son did not demonstrate control of the cocaine by willfully transporting it with him in his vehicle.
AFFIRMED.
SMITH and MINER, JJ., and WENTWORTH, Senior Judge, concur.