GLICKSTEIN, Chief Judge,
dissenting.
I would rather see this appellant, under the facts of this case, discharged than being mandatorily sentenced to fifteen years for her alleged participation in a “conspiracy,” especially given her acquittal on the charge of trafficking in cocaine. Her biggest crime may not have been her serious relationship with a trafficker, but it should not be as a conspirator.
There clearly were two major “players” in this crime — Michael Mayer, with whom appellant had the serious relationship, and Burton Spear, the man who cooperated with police after his arrest to save his own skin. While Spear’s trial testimony, as well as the other evidence presented by the state, directly implicated Mayer, there was little direct evidence linking appellant to the actual cocaine sale.
The most damaging evidence presented against appellant came in the form of hearsay testimony. The trial court permitted Spear, over defense counsel’s objection, to testify that Mayer told him that appellant would translate conversations between Mayer and the cocaine supplier “Leo,” who only spoke Spanish. Furthermore, the trial court permitted Detective Lightborn, who was present at Spear’s arrest, to testify with regard to the substance of a call appellant made to Spear’s cellular phone shortly after Spear’s arrest. Lightborn, who was posing as Spear, testified that appellant told him that she and Mayer were “worried.” Lightborn stated that he assured appellant that he had delivered the drugs and that he had received the money. He also urged appellant and Mayer to meet him at Bennigan’s to “celebrate.” The state maintains that the trial court properly admitted these hearsay statements pursuant to the coconspirator exception to the hearsay rule. I disagree.
Section 90.803(18)(e), Florida Statutes (1989), provides that a statement that is offered against a party and is “a statement by a person who was a coconspirator of the party during the course, and in furtherance, of the conspiracy” is not inadmissible hearsay evidence even though the declar-ant is available as a witness. The law in Florida is well settled that the hearsay statements of a coconspirator are not admissible unless the state establishes, through the appellant’s actions or statements, or other competent independent evidence, that a defendant is a participant in a conspiracy. Gueits v. State, 566 So.2d 829 (Fla. 4th DCA 1990). In other words,
this court must examine whether there was substantial evidence, free from the taint of hearsay, upon which the court could find, at least preliminarily, that a conspiracy existed and the person objecting to the hearsay statements was an active participant.
Vemi v. State, 536 So.2d 1162, 1164 (Fla. 2d DCA 1988), rev. denied, 542 So.2d 1335 (Fla.1989) (emphasis added). The independent evidence need not be admitted before the hearsay testimony, Garcia v. State, 492 So.2d 819 (Fla. 2d DCA 1986), but the hearsay testimony itself cannot be considered evidence that a conspiracy existed. Roma-ni v. State, 542 So.2d 984 (Fla.1989).
In determining whether the state presented independent non-hearsay testimony establishing that appellant participated in a conspiracy to traffic cocaine, this court naturally must look to the elements of that offense.
The law is well-settled that the crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Both an agreement and an intention to commit an offense are necessary elements of this crime.
Velunza v. State, 504 So.2d 780, 782 (Fla. 3d DCA 1987) (citing King v. State, 104 So.2d 730 (Fla.1958)). Direct proof a formal agreement is not necessary; therefore such proof may be inferred from appropriate circumstances. Ashenoffv. State, 391 So.2d 289 (Fla. 3d DCA 1987). However, mere presence at the scene of the offense is insufficient to establish a conspiracy, Saint Louis v. State, 561 So.2d 628 (Fla. 2d DCA 1990), and evidence that a person merely aided and abetted another in the commission of the offense is insufficient to convict either person of a conspiracy to commit the subject offense. Ramirez v. *1044 State, 371 So.2d 1063 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla.1980).
The state maintains that it did present independent evidence of both intent and agreement; therefore the trial court did not err in admitting the two hearsay statements under the coconspirator exception to the hearsay rule. Specifically, the state argues that the following facts, when taken together, form a sufficient basis for the admission of the hearsay testimony:
1. Appellant was present when Mayer and Spear weighed the cocaine.
2. Both Spear and Leo, the alleged supplier, possessed cellular phones and/or beepers registered in her name.
3. Appellant arrived at Bennigan’s with Mayer after Spear’s arrest to “celebrate.”
4. As appellant, Mayer, and Spear were leaving Bennigan’s, appellant told Spear that she had heard that one of the persons he had dealt with had been arrested and that another might be a DEA agent. Appellant also inserted the word “jig-gler” when Spear-began to talk about how the RF detector[1] failed to go off.
5. A Spanish speaking male named Leo beeped Mayer’s residence from appellant’s cellular phone.
6. Appellant was involved in a serious relationship with Mayer and was unemployed at the time of the instant transaction.
The state’s independent evidence falls short of demonstrating both an agreement and an intention to traffic in cocaine. Appellant’s presence in Mayer’s apartment when Spear obtained the cocaine as well as her presence at Bennigan’s after the alleged sale do not establish that she agreed or intended to commit any crime. In Gueits, this court held that the trial court improperly admitted coconspirator hearsay when the state merely established that the appellant was in the parked car from which the alleged coconspirator retrieved the cocaine at the time of the sale. Gueits, 566 So.2d at 830. In the instant case, appellant was not even present at the time of sale.
See also Nelson v. State, 490 So.2d 32 (Fla.1986) (evidence that the appellant was in the murder victim’s home was insufficient non-hearsay evidence that he was involved in a conspiracy to murder the victim; therefore the trial court erred in admitting coconspirator hearsay).
Furthermore, the fact that the cellular phones were registered in appellant’s name at best demonstrates that she aided and abetted both Spear and Mayer in the commission of the crime. The state emphasizes that the conversation between Spear, Mayer, and appellant as the three left Ben-nigan’s demonstrates that appellant was familiar with the drug transaction. Such familiarity, however, fails to demonstrate appellant’s involvement in a conspiracy to commit the substantive offense.
Because the state failed to present independent non-hearsay testimony demonstrating that appellant was an active participant in any conspiracy to traffic cocaine, the hearsay statements were inadmissible. Because the state failed to establish the elements of a conspiracy to traffic in cocaine, I conclude that the trial court erred in failing to grant appellant’s motion for judgment of acquittal as to the charge of conspiracy to traffic.
Criminal conspiracy is a separate and distinct crime from the offense which is the object of the conspiracy. Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979), cert, denied, 383 So.2d 1201 (Fla.1980). The Ramirez court noted that one of the inherent dangers lurking in the criminal charge of conspiracy “is the tendency to make the crime so elastic, sprawling and pervasive as to defy meaningful definition.” Id. at 1065-66.
It is to avoid just such danger that we today decline to expand the crime of conspiracy to embrace, contrary to law, the acts of two or more persons who aid and abet one another in the commission of a substantive offense. To do so would be to blur the demarcation line between a conspiracy to commit an offense and the *1045 substantive offense which is the object of the conspiracy....
Id. at 1066. While appellant may have aided and abetted both Spear and Mayer in the commission of the substantive offense, she was acquitted of the trafficking charge. Furthermore, there was no independent evidence linking appellant to the actual cocaine sale nor is there any indication that she participated in preliminary meetings or negotiations.
In Rouse v. State, 583 So.2d 1111, 1113 (Fla. 4th DCA 1991), this court indicated that where the defendant has been acquitted of an accompanying drug trafficking charge, much, if not all, of the evidence against the defendant is discredited. In both Jiminez v. State, 535 So.2d 343 (Fla. 2d DCA 1988), and Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980), the defendants were acquitted of drug trafficking charges yet convicted of conspiracy to traffic drugs. In Jiminez, the court reversed the defendant’s conviction for conspiracy to traffic in cocaine where the transaction occurred in the defendant’s home and the defendant was aware of the transaction and its details. Jiminez, 535 So.2d at 344. In Ashenoff, the court reversed the defendants’ convictions for conspiracy to sell cannabis where the defendants were present when the actual purchase was discussed and assisted in selecting and weighing the bales of marijuana and handing them to other defendants out of their truck. Ashenoff, 391 So.2d at 291.
The state correctly alleges that an acquittal on a trafficking charge does not always render a conviction on an accompanying conspiracy to traffic charge inconsistent. See LaPolla v. State, 504 So.2d 1353 (Fla. 4th DCA 1987) (the defendants could lawfully be convicted of conspiracy to traffic in narcotics even though the narcotics were not yet available). However, the facts of the instant case do not support appellant’s conviction for conspiracy to traffic in cocaine. Appellant’s participation in the alleged narcotics sale was far less than that of the defendants in Jiminez and Ashenoff Presence at the scene of the transaction, even when accompanied by knowledge of the offense, is insufficient as a matter of law to support a conspiracy conviction. Accordingly, I respectfully dissent and conclude that the trial court erred in denying appellant’s motion for judgment of acquittal as to this charge.
There is no shortage of conspirators in South Florida engaged in drug trafficking, but it seems in all fairness that a higher level of participation should be reached than here before intent and agreement are considered to have been proven.

. An RF (radio frequency) detector is an electronic device used to determine whether a person is "wired” with a listening device. Light-born found an RF detector in Spear's vehicle.