371 So.2d 1063 (1979)
Florentino RAMIREZ, Nelson Gonzalez, Marquez Jesus Cruz, Julio Herrera and Julian Perez, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 77-2417 to 77-2421.
District Court of Appeal of Florida, Third District.
June 5, 1979.
Rehearing Denied July 5, 1979.
*1064 Pollack, Spain & O'Donnell, John H. Lipinski, Miami, for appellants.
Jim Smith, Atty. Gen., and James H. Greason, Asst. Atty. Gen., for appellee.
Before HUBBART, KEHOE and SCHWARTZ, JJ.
HUBBART, Judge.
The defendants, Florentino Ramirez, Nelson Gonzalez, Marquez Cruz, Julio Herrera and Julian Perez appeal their criminal convictions for (1) conspiracy to unlawfully possess over one hundred pounds of marijuana, and (2) unlawful possession of over one hundred pounds of marijuana.
The central issue presented for review is whether the defendants were entitled to a judgment of acquittal upon their proper motion in the trial court. On this issue, we reverse as to all defendants on the conspiracy convictions; on the same issue, we reverse as to the defendant Gonzalez and affirm as to all other defendants on the possession of marijuana convictions.
The facts relevant to the central issue herein are as follows. On March 2, 1977, in the evening hours law enforcement officers observed four boats running without lights and apparently riding low in the water near the seawall off Cape Florida heading west into Biscayne Bay in Dade County, Florida. The police observed three men throwing bales of what was later established to be marijuana overboard while a fourth person operated the boat. Shortly thereafter, the defendants Cruz, Herrera and Perez were apprehended aboard this boat and the marijuana retrieved from the water. The other three boats, each containing a large quantity of marijuana, were discovered aground off Snapper Creek a short distance away. In all, approximately nine and a half tons of marijuana was seized by the police in this case.
Police officers searched the residential area adjacent to where the boats were found. They eventually spotted the defendant *1065 Ramirez, the defendant Gonzalez and a third man walking down the street in the area. The officers identified themselves as police and ordered the men to stop. The three men fled, the police officers pursued, and the defendant Ramirez was apprehended. Shortly thereafter, the defendant Ramirez gave an incriminating statement to the police linking him to one of the boats which had been carrying the marijuana herein. Also a fingerprint of the defendant Ramirez was found on a cigarette box in one of the three boats which had gone aground. Later, the defendant Gonzalez was apprehended in the area.
The defendants were charged by information in the Circuit Court for the Eleventh Judicial Circuit of Florida with: (1) conspiracy to unlawfully possess over one hundred pounds of marijuana [§ 777.04(3), Fla. Stat. (1977)], (2) unlawful possession of over one hundred pounds of marijuana [§ 893.13(1)(a) 2, Fla. Stat. (1977)], and (3) importation of marijuana [§ 893.13(1)(d), Fla. Stat. (1977)]. The defendants were tried by a jury upon their pleas of not guilty at which the state established the above-stated facts. Upon proper motion, the trial court granted the defendants' motion for judgment of acquittal as to count III of the information, but denied the motion as to counts I and II of the information. The jury convicted the defendants on count I and II of the information. The trial court imposed various sentences upon the defendants thereafter. This appeal follows.

I
We are first confronted with the issue of whether the evidence was sufficient to support the defendants' convictions for conspiracy. The law is well-settled that the crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Both an agreement and an intention to commit an offense are necessary elements of this crime. King v. State, 104 So.2d 730 (Fla. 1958); § 777.04(3), Fla. Stat. (1977); 6 Fla. Jur.2d "Conspiracy" § 5 (1956).
Conspiracy is a separate and distinct crime from the offense which is the object of the conspiracy. Swindle v. State, 254 So.2d 811 (Fla. 2d DCA 1971); Sheldon v. State, 178 So.2d 34 (Fla. 3d DCA 1965). Moreover, conspiracy is one step removed from an attempt to commit the offense which is the object of the conspiracy, and, thus, is two steps removed from the actual commission of the substantive offense. Hutchinson v. State, 315 So.2d 546, 549 (Fla. 2d DCA 1975). As such, evidence that a person aided and abetted another in the commission of an offense, although sufficient to convict the person as a principal in such offense under Section 777.011, Florida Statutes (1977), is insufficient to convict either person of a conspiracy to commit the subject offense. Little v. State, 293 So.2d 775 (Fla. 2d DCA 1974).
In the instant case, we find no evidence in the record which establishes that the defendants committed the crime of conspiracy. It is true, as the state contends, that the defendants Cruz, Herrera and Perez were aiding and abetting one another in committing the offense which was the object of the alleged conspiracy, to wit: unlawful possession of over one hundred pounds of marijuana. It is also true, as the state contends, that the defendant Ramirez was equally implicated in the commission of the substantive offense. Under the law, however, these acts standing alone do not constitute the crime of conspiracy to commit such offense, which conspiracy is a separate crime two prior steps removed in time from the substantive offense. Moreover, the evidence against the defendant Gonzalez is insufficient to link him to either the substantive offense or the conspiracy charge. As such, the conspiracy convictions as to all defendants must be reversed.
We are supported in this result by a recent decision of the Florida Supreme Court in Goldberg v. State, 351 So.2d 332 (Fla. 1977). In that case, the Court spoke to the dangers which lurk in the criminal charge of conspiracy and the duty of the courts to eliminate or at least minimize these dangers. One of the dangers cited by *1066 the Court is the tendency to make the crime so elastic, sprawling and pervasive as to defy meaningful definition. It is to avoid just such a danger that we today decline to expand the crime of conspiracy to embrace, contrary to law, the acts of two or more persons who aid and abet one another in the commission of a substantive offense. To do so would be to blur the demarcation line between a conspiracy to commit an offense and the substantive offense which is the object of the conspiracy, thereby lending unnecessary confusion to the crime of conspiracy contrary to the teaching of Goldberg. Such acts of aiding and abetting clearly make each actor a principal in the substantive offense under Section 777.011, Florida Statutes (1977), but cannot, without more, also make each actor a principal in the crime of conspiracy to commit such offense under Section 777.04(3), Florida Statutes (1977).

II
We turn now to the question of whether the state's evidence was sufficient to withstand a motion for judgment of acquittal on the charge of unlawful possession of over one hundred pounds of marijuana. We have no difficulty whatever in sustaining the conviction on this charge as to the defendants Perez, Herrera and Cruz. Indeed, the defendants herein make no serious contention to the contrary. These defendants were caught aiding and abetting one another in the possession of over one hundred pounds of marijuana and clearly showed guilty knowledge thereof by attempting to discard some of the marijuana when discovered by the police. Moreover, we think the evidence is more than sufficient to link the defendant Ramirez to this offense in that he, by his own statement, implicated himself in such offense and left a fingerprint in one of the boats which was used in the commission thereof. As such, the convictions for such crime as to the above defendants must be affirmed. State v. Eckroth, 238 So.2d 75 (Fla. 1970).
The evidence against the defendant Gonzalez, however, is insufficient to convict him of the crime of unlawful possession of over one hundred pounds of marijuana. The only evidence against him was that he ran from the police when ordered to halt in the general area in which the marijuana was discovered. Beyond that, there is no evidence which links him to the crime. We find that such evidence of flight was wholly insufficient to withstand the defendant Gonzalez' motion for judgment of acquittal as to this charge. As such, the conviction of the defendant Gonzalez for the subject crime must be reversed. Morgan v. State, 355 So.2d 149 (Fla. 1st DCA 1978).

III
We have carefully considered the other contentions raised by the defendants upon this appeal and find them to be without merit. Accordingly, the conspiracy convictions herein are reversed as to all defendants and the cause remanded to the trial court with directions to discharge all defendants from the cause as to such conspiracy charge. The conviction as to the defendant Gonzalez on the crime of unlawful possession of over one hundred pounds of marijuana is reversed and the cause remanded to the trial court with directions to discharge the defendant Gonzalez from the cause. The convictions as to the defendants Ramirez, Cruz, Herrera and Perez on the crime of unlawful possession of over one hundred pounds of marijuana are affirmed.
Affirmed in part; reversed in part.