558 So.2d 138 (1990)
Daniel Joseph HORNER, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2227.
District Court of Appeal of Florida, Third District.
March 13, 1990.
Milton Hirsch, Key Biscayne, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before FERGUSON, COPE and LEVY, JJ.
PER CURIAM.
Appellant Horner was convicted of trafficking in cocaine, conspiracy to traffic in cocaine, and possession of a controlled substance. He appeals the conspiracy conviction. We affirm.
Horner correctly contends that conspiracy is a separate and distinct crime from the offense which is the object of the conspiracy, and that evidence of participation in an offense, although sufficient to *139 convict a person as a principal, see § 777.011, Fla. Stat. (1987), is not necessarily sufficient to convict for conspiracy. See Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla. 1980). There must be proof of an express or implied agreement between two or more persons to commit the offense, and both an agreement and an intention to commit the offense must be shown. Id.
It is also true, however, that "`[D]irect proof of an agreement is not necessary to establish a conspiracy; the jury is free to infer from all the circumstances surrounding and accompanying the act that the common purpose to commit the crime existed.'" Herrera v. State, 532 So.2d 54, 58 (Fla. 3d DCA 1988) (citation omitted). While mere presence is not enough to establish participation in a conspiracy, presence is a factor which the jury may consider. Id.
In light of the foregoing principles we conclude that the testimony of Miller and Hofsteder, as well as Horner's own statement, were sufficient for the jury to convict Horner of conspiracy. We therefore affirm.