ALLEN, Judge.
The appellant was convicted and sentenced for robbery and conspiracy to commit robbery. He appeals only the conspiracy conviction. We find that there was insufficient evidence to establish a conspiracy.
At trial it was indicated that the robbery victim was acting as an undercover informant attempting to purchase drugs when she met the appellant behind a bar. After the appellant expressed suspicion that the victim was working with the police, he asked the victim if she knew “what they did to white people.” Another individual had arrived by this time, and the appellant told the other individual to show the victim “what they do to white people.” The other individual lifted his shirt, and it appeared to the victim as if he were going to pull a gun from his pants. The appellant thereafter took the money which the victim had brought to purchase drugs.
A conspiracy requires proof of an agreement with the intent to commit a substantive offense. E.g., Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980); Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla.1980). Although such proof may sometimes encompass circumstantial evidence, a conspiracy may not be inferred solely from conduct which merely aids and abets an offense. Ashenoff; see also, Saylor v. State, 491 So.2d 340 (Fla.3d DCA 1986); Ramirez.
*674 The appellant was not shown to have communicated or otherwise revealed an intention to rob the victim when he suggested that the other individual demonstrate “what they do to white people.” The other individual’s threatening response does not reflect an agreement to rob the victim. Absent proof of such an agreement, the evidence was insufficient to establish a conspiracy.
The appellant’s conviction for conspiracy to commit robbery is reversed. Because this conviction affected the sentencing guidelines computation, the appellant’s sentences for both the conspiracy and the robbery are vacated and the cause is remanded for resentencing.
BOOTH and MINER, JJ., concur.