PER CURIAM.
Luis Quinonez appeals his convictions for conspiracy to traffic in cocaine of 400 or more grams and trafficking in cocaine of 400 or more grams. Quinonez also appeals conditions of probation which the trial court imposed. We reverse the conviction for conspiracy and strike one condition of probation. We affirm the conviction for trafficking.
The state presented sufficient evidence to support the conviction for trafficking in cocaine in the quantity the state charged. Proof of involvement in the substantive offense, however, does not establish participation in the conspiracy to commit that offense. See Garcia v. State, 548 So.2d 284 (Fla. 3d DCA 1989). In order to uphold a conviction for conspiracy, the evidence must show an agreement and an intention to commit the offense. Saint Louis v. State, 561 So.2d 628 (Fla. 2d DCA 1990). We have reviewed the entire transcript and conclude that the state failed to present sufficient evidence that Quinonez participated in the conspiracy. We, accordingly, reverse the conviction for conspiracy to traffic in cocaine of 400 or more grams.
Next, Quinonez specifically challenged the following conditions of probation:
(6) You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used.
[[Image here]]
(9) You will submit to urinalysis, breathalyzer or blood tests at any time requested by your Probation Officer, or the professional staff of any treatment center where you are receiving treatment, to determine possible use of alcohol, drugs or controlled substances.
Condition (6) is not statutorily authorized, and the trial court did not pronounce it orally at the sentencing hearing. Thus, this court is compelled to remand the order of probation to the trial court with instructions to strike this condition. See Gregory v. State, 616 So.2d 174 (Fla. 2d DCA 1993) (citing Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992)). Condition (9) is statutorily authorized pursuant to section 948.03(1)©, Florida Statutes (1989); therefore, it should not be struck. Quinonez’s objections to other conditions of probation are too general to preserve the issue for appeal.
We reverse the conviction and vacate the sentence for conspiracy to traffic in cocaine and direct the trial court to dismiss that charge. Further, we direct the trial court to strike condition of probation (6). The trafficking charge is affirmed.
RYDER, A.C.J., and PARKER and LAZZARA, JJ., concur.