640 So.2d 1210 (1994)
Steven MICKENBERG, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02524.
District Court of Appeal of Florida, Second District.
August 3, 1994.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Steven Mickenberg attacks his conviction for conspiracy to traffic in 400 grams or more of cocaine. Because we hold that the evidence was insufficient to warrant a conviction, we reverse and remand with directions that the circuit court discharge him.
Mickenberg and three other codefendants were charged with conspiring with each other and seven other individuals to traffic in 400 grams or more of cocaine in violation of section 893.135(1), Florida Statutes (1989). Five of the coconspirators testified at trial for the state. The following is the evidence against Mickenberg presented in the light most favorable to the state.
Thomas Martin testified that during 1986-1987, he made his living selling cocaine. He met Mickenberg through Alejandro Ruiz, his supplier and Mickenberg's roommate for eighteen months during the time in question. Mickenberg mainly delivered the cocaine to Martin for Ruiz, and Martin paid an additional $1,000.00 as a delivery charge. He contacted Ruiz to set up the deals and never discussed price or quantity with Mickenberg. Martin did not believe he had ever talked to Mickenberg about arranging for a delivery.
Michael Perry testified that he and Michael Spinger, another codefendant, made several trips to Miami to pick up cocaine from Ruiz. He became a "mule" for Martin and Spinger. On one occasion, he picked up a bag from Mickenberg, but he never actually saw any drugs. He did not recall on which *1211 trip he saw the drugs. In the summer of 1987, he met Mickenberg in Lakeland where he picked up two kilos of cocaine. He never talked with Mickenberg about setting up the Lakeland trip, and he knew that Mickenberg was not involved in setting up the exchanges.
Three other coconspirators testified, but two did not know Mickenberg. The third testified to a cocaine transaction when he and another codefendant, Scott Soares, went to Ruiz's apartment. Soares went into a bedroom with Mickenberg. When they came out, Mickenberg put a large amount of cash in a wall unit. Mickenberg admitted taking the cash for Ruiz, but denied giving anything in exchange.
The trial court denied the appellant's motion for judgment of acquittal at the close of the state's case and at the close of all of the evidence. The appellant argued that the state had failed to show an express or implied agreement between two or more persons to commit a criminal offense and that a conspiracy involves more than aiding and abetting.
The crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla. 1980). To prove the crime of conspiracy, the state must prove an agreement and an intention to commit an offense. Saint Louis v. State, 561 So.2d 628, 629 (Fla. 2d DCA 1990). Mere presence at the scene is insufficient to establish a conspiracy. Saint Louis. Conspiracy is a separate and distinct crime from the offense that is the object of the conspiracy. Ramirez, at 1065. Evidence that a person aided and abetted another in the commission of an offense, although sufficient to convict the person as a principal in such offense is insufficient to convict either person of a conspiracy to commit the subject offense. Ramirez, at 1065. One danger that lurks in the criminal charge of conspiracy is the tendency to make the crime so elastic, sprawling and pervasive as to defy meaningful definition. Ramirez, at 1066-67.
A review of the record shows that the state did not prove beyond a reasonable doubt that Mickenberg entered into an agreement with Ruiz or the other coconspirators to traffic in cocaine. Clearly, Mickenberg was aiding and abetting Ruiz in trafficking in cocaine. His participation, however, does not reach the level of the separate crime of conspiracy. We conclude, therefore, that the evidence was insufficient to withstand the appellant's motion for judgment of acquittal. Accordingly, we reverse and direct that he be discharged.
Because we reverse on this point, we do not address the appellant's other issues on appeal.
Reversed and remanded.
CAMPBELL and PATTERSON, JJ., concur.