985 So.2d 1105 (2007)
Kanisky EVANS, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D06-1733.
District Court of Appeal of Florida, Third District.
October 17, 2007.
Opinion on Rehearing July 16, 2008.
Kanisky Evans, in proper person.
Bill McCollum, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for respondent.
Before COPE and WELLS, JJ., and SCHWARTZ, Senior Judge.
COPE, J.
Kanisky Evans has filed a petition alleging ineffective assistance of appellate counsel. We grant relief as to a jury instruction issue and deny relief on the remaining claims.
Defendant-petitioner Evans contends that his appellate counsel failed to raise a meritorious challenge to the trial court's overruling of a defense objection to the giving of the standard jury instruction on principals in connection with the conspiracy *1106 counts with which the defendant was charged. We conclude that the defendant's point is well taken.
The underlying case was a multi-defendant prosecution under the Florida Racketeer Influenced and Corrupt Organization (RICO) Act. See § 895.01, Fla. Stat. (1995).[1] The defendant was convicted of nine counts, three counts being substantive criminal offenses and six counts being conspiracy to commit criminal offenses.[2]
At the charge conference the trial court proposed to give the standard jury instruction on principals. The defendant's counsel objected, saying:
The principal instruction is not applicable to any count of conspiracy. There is nowhere that it says that.
You can't be a principal to a conspiracy. In other words, either you are a member or not....
....
... I would ask the Court to say this instruction applies to substantive counts only. To crimes that are not conspiracy.
TR. 10574-75.
The State took the position that the standard jury instruction was sufficient. After further discussion the trial court overruled the defense objection. The standard jury instruction on principals was given at trial.[3]
On direct appeal from the judgment and sentence, the defendant's counsel in Point IV claimed errors on two other jury instructions, but did not raise the claim that it was error to give the principal instruction in connection with a conspiracy charge. The defendant's convictions and sentences were affirmed without opinion.[4]
Trial counsel's objection to the principal instruction was well taken. This court has explained that "the crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Both an agreement and an intention to commit an offense are necessary elements of this crime." Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979).
"[E]vidence that a person aided and abetted another in the commission of an offense, although sufficient to convict the person as a principal in such offense under Section 777.011, Florida Statutes (1977), is insufficient to convict either person of a conspiracy to commit the subject offense." Id. (citation omitted).[5]
*1107 In Ramirez the defendant and his codefendants were apprehended after their boats, containing nine and one-half tons of marijuana, ran aground in Miami-Dade County. Id. at 1064. There was ample evidence that Ramirez and three codefendants had aided and abetted the commission of the offense of unlawful possession of over one hundred pounds of marijuana. However, this court ruled that acts of aiding and abetting "cannot, without more, also make each actor a principal in the crime of conspiracy to commit such offense...." Id. at 1066 (citation omitted).
Many other decisions state the proposition that "[c]onduct that aids and abets an offense is insufficient to prove conspiracy." McClain v. State, 709 So.2d 136, 137 (Fla. 1st DCA 1998) (citation omitted). See Mickenberg v. State, 640 So.2d 1210, 1211 (Fla. 2d DCA 1994); Quinonez v. State, 634 So.2d 173, 174 (Fla. 2d DCA 1994); McCants v. State, 587 So.2d 673 (Fla. 1st DCA 1991); Garcia v. State, 548 So.2d 284, 285 (Fla. 3d DCA 1989); LaPolla v. State, 504 So.2d 1353, 1357 (Fla. 4th DCA 1987); Ashenoff v. State, 391 So.2d 289, 291 (Fla. 3d DCA 1980). "Mere presence at the scene is insufficient to establish a conspiracy." Mickenberg, 640 So.2d at 1211.
That being so, the principal instruction should not have been given in connection with the conspiracy charges. The Fourth District has so held in Pisegna v. State, 488 So.2d 624, 625 (Fla. 4th DCA 1986).[6]
The question whether defendant Evans was a member of the conspiracy on the charged counts was a disputed issue at trial. The problem with the giving of the principal instruction is that it allowed the jury to find the defendant to be a member of the conspiracy if the jury concluded that he had done anything to aid or abet the underlying crime.[7]
For the stated reasons, we conclude that the defendant is entitled to a new trial on the conspiracy counts. We therefore vacate those counts and remand for a new trial on the conspiracy counts only. We do not disturb the defendant's convictions on the remaining counts.
The defendant has raised three other claims of ineffective assistance of his appellate *1108 counsel. We have carefully considered those claims and conclude that they are without merit.
Petition granted in part and denied in part.

On Motion for Rehearing
COPE, J.
In the defendant's motion for rehearing he argues that by virtue of the reversal of the conspiracy counts, there must also be a new trial on count one, the violation of the Florida RICO Act. See § 895.01, Fla. Stat. (1995).
The State concedes that under the circumstances of this case, the defendant's point is well taken. With the reversal of the conspiracy counts, only two substantive offenses remain, armed trafficking (count twenty-one) and theft (count twenty-two). Because those two offenses arose out of the same transaction, they do not satisfy the "two incidents" requirement of the Florida RICO Act. Watts v. State, 558 So.2d 142, 143-44 (Fla. 3d DCA 1990); State v. Russo, 493 So.2d 504 (Fla. 4th DCA 1986). It follows that the conviction on count one must be vacated and that count will be included in the new trial previously ordered.
We reject the defendant's argument that convictions on counts twenty-one and twenty-two, the substantive offenses, must be vacated. We do not disturb the defendant's convictions on those two counts.
For the stated reasons, the defendant's motion for rehearing is granted in part and denied in part. The State's motion for rehearing was previously denied by unpublished order.
NOTES
[1] It appears that the alleged crime dates were from May 1996 through December 1997.
[2] At issue here are the conspiracy counts, which were conspiracy to violate RICO (count 2), conspiracy to commit grand theft (counts 12, 18, 19, and 23), and conspiracy to traffic in cocaine (count 20).
[3] The instruction stated:

Principals. If the defendant helped another person or persons commit or attempt to commit a crime, the defendant is a principal and must be treated as if he had done all the things the other person or persons did, if
1. the defendant had a conscious intent that the criminal act be done, and
2. the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist, or advise the other person or persons to actually commit or attempt to commit the crime.
To be a principal, the defendant does not have to be present when the crime is committed or attempted.
TR. 10630.
[4] The appeals of the defendant and several codefendants were consolidated with the appeal of Wallace Johnson and affirmed without opinion under Johnson v. State, 892 So.2d 1039 (Fla. 3d DCA 2004).
[5] The 1995 version of the principal statute provided:

777.011 Principal in first degree. Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he is or is not actually or constructively present at the commission of such offense.
The statute was editorially amended effective May 24, 1997, but the substance of the statute was not affected. See ch. 97-102, at 1756, Laws of Fla.
[6] The Fourth District opinion in Pisegna contains a "But see" signal citing Chestnut v. State, 452 So.2d 1125 (Fla. 3d DCA 1984). However, Chestnut is a one-sentence opinion stating, "The trial court did not err in giving the jury an instruction on `principals' after closing arguments, even though the instruction had not been requested at the charge conference." Id. (citation omitted). Chestnut does not address the issue now before us. The authority cited in Chestnut was Jacobs v. State, 396 So.2d 713 (Fla.1981), in which a trial court had overlooked the instruction on principals and gave it to the jury belatedly after the jury had started deliberating. Jacobs, 396 So.2d at 717.
[7] The main defendant in the case was Ranier Gillis, who was charged in all twenty-four counts of the information and was convicted on eighteen counts. Ranier Gillis is the defendant's older brother. The defendant maintains that while the evidence showed him in frequent personal and telephone contact with his brother and the other defendants, this was on account of his personal relationship with his brother. He contends that he was merely present and that if any of his acts amounted to aiding and abetting, this would not qualify him as a conspirator.