PER CURIAM.
Tavarence Wiggins appeals a circuit court order denying his motion for a writ of audita querela defendentis[1] and his claim of disparate treatment in a criminal sentence alleged to be manifestly unjust. We treat Wiggins’ motion as a post-conviction motion under Florida Rule of Criminal Procedure 3.850, and we affirm the order denying that motion.
Wiggins was one of fourteen co-conspirators charged in 1997 with Florida Racketeering Influenced and Corrupt Organization (RICO) Act violations[2] and conspiracy to commit RICO act violations (among other charges), allegedly as part of a scheme to rob drug dealers of their money and drugs. Wiggins and the four co-eonspira-tors addressed in his post-conviction motion were convicted and sentenced following separate trials. In each of those trials, the state requested a “principal” jury instruction [3] that was not confined to particular counts. Wiggins’ conviction and sentence were affirmed on direct appeal.
Wiggins, the first co-conspirator to be tried, was found guilty on the RICO conspiracy, trafficking in cocaine, and robbery counts. He was acquitted on all other counts. As a habitual violent felony offender, Wiggins was sentenced to life imprisonment for the RICO conspiracy and cocaine trafficking counts, and to thirty years on the robbery count.
Four other co-conspirators were tried and convicted of charges which included a RICO conspiracy count: Kanisky Evans; Ernest McKay; Wallace Johnson; and Daniel Hilbert. As with Wiggins’ case, the convictions and sentences for these four defendants were also affirmed on appeal.
In 2007 and 2008 each of these five co-conspirators filed petitions for belated appeal alleging ineffective assistance of appellate counsel for failing to argue that the principal instruction should not have been given in connection with a conspiracy count. Such an argument was well taken under a number of reported decisions analyzed in the Evans opinion discussed below. But for reasons that are unclear, the panel of this Court which considered Wiggins’ petition denied it, while the panel deciding Evans’ petition granted it and *623 remanded Evans’ case for a new trial on the conspiracy counts only. Evans v. State, 985 So.2d 1105 (Fla. 3d DCA 2007). Thereafter, the panels of this Court which considered the petitions filed by the three remaining co-conspirators cited and relied upon Evans, remanding the respective conspiracy counts for a new trial. McKay v. State, 988 So.2d 51 (Fla. 3d DCA 2008); Johnson v. State, 990 So.2d 1245 (Fla. 3d DCA 2008); and Hilbert v. State, 992 So.2d 441 (Fla. 3d DCA 2008).
On remand, the four successful petitioners entered into plea negotiations with the state, obtained substantial reductions in their respective sentences (originally ranging from life imprisonment to 65 years, adjusted to sentences that ranged from ten to eighteen years). All four were released from imprisonment before Wiggins filed his most recent post-conviction motion.
After failing to obtain relief here, Wiggins filed a petition for federal habeas corpus under 28 United States Code § 2254. In 2011, the United States District Court for the Southern District of Florida granted Wiggins relief on one of his eleven claims — his ineffective assistance of appellate counsel claim relating to the principal instruction. Wiggins v. McNeil, No. 08-22473, 2011 WL 3878335 (S.D.Fla. Aug. 31, 2011). That Court remanded Wiggins’ case to the state trial court for a new trial on the RICO conspiracy count.
On remand, however, the state and Wiggins did not enter into a plea bargain. Instead, the state merely nol prossed the RICO conspiracy count, leaving intact Wiggins’ convictions and sentences on the cocaine trafficking and robbery counts. Wiggins continues, therefore, to serve his sentences of life imprisonment and 30 years on those two counts, while his co-conspirators are (according to the record before us) at liberty.

Analysis

Wiggins argues that this Court’s disparate ruling in his case in 2008 prevented him from plea bargaining contemporaneously with his four co-conspirators and the state to obtain the same relief those similarly-situated defendants obtained (essentially a reduction of sentence to time served). We are urged to “brush aside formal technicalities and issue such appropriate orders as will do justice,” Anglin v. Mayo, 88 So.2d 918, 919 (Fla.1956), and to correct a manifest injustice when we can. Adams v. State, 957 So.2d 1183, 1186 (Fla. 3d DCA 2006).
Alternatively, Wiggins argues that Wiggins’ disparate treatment, as compared to the four co-conspirators now free, is a violation of the equal protection clauses of the United States and Florida Constitutions. While comparative proportionality between co-defendants’ sentences in death penalty cases has been the subject of rigorous analysis in the Supreme Courts of the United States and Florida, a narrower concept of proportionality applies in non-death penalty cases. Peters v. State, 128 So.3d 832, 850 (Fla. 4th DCA 2013).
In the present case, the remaining sentences on Wiggins’ convictions trafficking in cocaine and robbery are legal and within the legislatively-established guidelines, and there is no record before us regarding the state’s assessment of the other four co-conspirators’ criminal histories, input from victims, perceived dangerousness, or other reasons for entering into a plea bargain. Wiggins may or may not be “similarly situated” to the other four co-conspirators, had the trial court been able to consider all five co-conspirators’ charges, trials, and pre-sentence reports. We cannot direct the state to enter into a “comparable” plea bargain or to release Wiggins. Upon the vacation of the judgment and sentence on the RICO conspiracy, the state on remand *624 granted Wiggins complete relief by entering a nolle prosequi to that count. We are not at liberty to speculate why the state chose to negotiate a subsequent plea with the co-defendants on the other, unrelated and unaffected counts, but chose not to do the same with Wiggins.
For these reasons, the trial court’s denial of Wiggins’ motion is affirmed.

.The writ stemmed from English chancery practice and sought relief from a judgment based on subsequent evidence, defenses, or other developments making further enforcement contrary to justice. The writ has been abolished in Florida. Alday v. Singletary, 719 So.2d 1260 (Fla. 1st DCA 1998).

. §§ 895.01-.06, Fla. Stat. (1997).

. Each count of the amended information other than count II (RICO conspiracy) included a charge of being a principal in the first degree under section 777.011, Florida Statutes (1997).