DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**KENNETH BERNARD LAWS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-1252

[September 10, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case No. 2010CF010031BMB.

Philip J. Massa of Philip J. Massa, P.A., West Palm Beach, (withdrawn as counsel after filing brief) and Ronald Hurst, Greenacres, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Kenneth Bernard Laws appeals his judgment and sentence after a jury found him guilty of first-degree murder, robbery with a firearm while masked, conspiracy to commit robbery with a firearm while masked, and three counts of false imprisonment with a firearm. The charges arose from a robbery resulting in the shooting death of the store owner. Laws argues that the trial court erred by (1) excluding photographs and testimony of a defense witness, (2) giving the standard jury instruction on principals when conspiracy was one of the charged crimes, and (3) denying his motion for judgment of acquittal as to one of the counts of false imprisonment. We affirm, and write to discuss only the second issue.

Laws asserts in his brief that "[i]t is error to instruct a jury on the Principal theory on a conspiracy charge." He cites *Evans v. State*, 985 So. 2d 1105 (Fla. 3d DCA 2008), in support of this assertion. In *Evans*, the Third District determined that Evans's conviction for conspiracy had to be vacated for a new trial because the standard instruction on principals ("the

principals instruction") was given to the jury.  However, the procedural posture of the issue presented in *Evans* is completely different from the procedural posture of the issue in this case.

In *Evans*, Evans was convicted of three counts of substantive offenses and six counts of conspiracy.  *Id.* at 1106.  At the charge conference, the trial court proposed to give the principals instruction.  Evans objected on the basis that it was legally impossible to be a principal to a conspiracy, arguing "either you are a member or not."  *Id.*  More importantly, Evans specifically asked that the trial court explain to the jury that the principals instruction applied to the substantive offense and not the conspiracy offenses.  *Id.*  The State contended the principals instruction was sufficient without any cautionary explanation and the trial court agreed.  *Id.*

Relying on several opinions rendered by all of the district courts in Florida which hold that a person aiding and abetting another in the commission of a crime is insufficient to convict either person of a conspiracy to commit the substantive offense, the Third District concluded "[t]rial counsel's objection to the principal instruction was well taken" and reversed the convictions for conspiracy, remanding for a new trial. *Id.* Although not explicitly stated, we construe *Evans* to hold it is reversible error not to grant a request for a limiting instruction regarding the principals instruction when the defendant is charged with substantive charges to which the instruction is applicable, as well as conspiracy.  We do not construe *Evans* to hold that the principals instruction is inappropriate whenever conspiracy is tried along with substantive offenses.[1]

In this case, Laws was charged with five substantive offenses and one conspiracy offense.  During the charge conference, prior to discussing either the conspiracy instruction or the principals instruction, an issue came up as to the wording of the instructions for the murder and robbery charges.  A draft of proposed instructions was prepared using the following language: "Kenneth Bernard Laws, or others with whom Kenneth Barnard Laws was acting as a principal."  Laws objected to the wording stating: "No, I would ask that that language be stricken.  They'll be instructed on principals later on."  The trial court sustained the objection and struck the words "or others with whom Kenneth Barnard Laws was acting as a

---

[1] *Evans* was a post-conviction relief proceeding, alleging ineffective assistance of appellate counsel for failure to raise on appeal the objection Evans raised at trial to the principals instruction.  However, it is not the post-conviction proceeding context which makes the procedural posture of *Evans* different from this case.  It is the manner in which the issue was raised before the trial court that makes the procedural posture different.

2

principal" from all the substantive offenses. After discussing the instructions for murder and robbery, the trial court next discussed the draft instructions for conspiracy:

> COURT: All right. So criminal conspiracy, no lessers, right? Guilty, not guilty, here's the instruction, standard; everybody all right with that?
>
> DEFENSE: Yes.

Next, the court discussed the draft instructions for the three counts of false imprisonment. The next instruction in the sequence was the principals instruction, during which the following exchange occurred:

> COURT: All right. Principals, standard instruction, defendant objects to the law of principals?
>
> DEFENSE: Yes.
>
> COURT: Overruled. . . .

At no point during the charge conference, particularly when the conspiracy and principal instructions were discussed, did Laws request an instruction specifically advising the jury that the principals instruction did not apply to the conspiracy charge. More importantly, Laws objected to the language "Kenneth Bernard Laws, or others with whom Kenneth Barnard Laws was acting as a principal" in regards to the substantive offenses. That language would not have been used in the instruction on conspiracy. If the language had remained for the substantive offenses, the structure of the instructions would have made it obvious that the principals instruction applied to the substantive offenses and not the conspiracy offense. By asking the trial court to strike that language from the substantive instructions and failing to ask for a limiting instruction, Laws invited the error he complains about on appeal. Procedurally, Laws cannot seek a reversal. *See Czubak v. State*, 570 So. 2d 925, 928 (Fla. 1990) ("Under the invited-error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal." (citations omitted)).

*Affirmed.*

GROSS and GERBER, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*