DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENNIS ENRIQUE RONDON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1454

[January 21, 2015]

Petition for writ of habeas corpus to the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Larry Schack, Judge; L.T. Case No. 562007CF005245A.

Dennis Enrique Rondon, South Bay, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant petitions for habeas corpus relief, alleging ineffective assistance of appellate counsel, and also raises a sentencing error. We find no merit in any of the arguments raised. We deny the petition.

A jury convicted the defendant of conspiracy to traffic in marijuana, trafficking in cannabis over twenty-five pounds, and racketeering. The trial court sentenced him to twenty-five years on the conspiracy count, twenty-five years on the trafficking count, with a three-year mandatory minimum and $25,000 fine, and twenty-five years on count three, all sentences to run concurrent. The charges arose from the defendant's participation in marijuana grow houses at multiple locations.

We affirmed his conviction and sentences on direct appeal. *Rondon v. State*, 72 So. 3d 769 (Fla. 4th DCA 2011).

We write specifically to address the defendant's argument that the trial court committed fundamental error in giving the principal instruction in connection with the conspiracy count. The defendant was charged with

conspiracy to commit marijuana trafficking, trafficking, and RICO. He defended the charges by claiming he was not involved. The court read the principal instruction after every count, including the conspiracy count.

The defendant now argues that without restricting the principal instruction to the trafficking and RICO counts, the jury could have improperly convicted him of conspiracy by being a principal. The State responds that the issue was not preserved, and his argument is inconsistent with the defense that he did not participate at all. This issue was not raised during the charge conference or on direct appeal.

In *Evans v. State*, 985 So. 2d 1105 (Fla. 3d DCA 2007), the Third District vacated the defendant's conspiracy conviction because the trial court gave the principal instruction over counsel's objection. *Id.* at 1105–08. "'[T]he crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense. Both an agreement and an intention to commit an offense are necessary elements of this crime.'" *Id.* at 1106 (quoting *Ramirez v. State*, 371 So. 2d 1063, 1065 (Fla. 3d DCA 1979)). "The problem with the giving of the principal instruction is that it allowed the jury to find the defendant to be a member of the conspiracy if the jury concluded that he had done anything to aid or abet the underlying crime." *Id.* at 1107.

Here, however, defense counsel did not ask to limit the principal instruction. In *Laws v. State*, 149 So. 3d 104 (Fla. 4th DCA 2014), we limited the *Evans* application. *Id.* at 105–06. There, we held that the failure to object to the principal instruction in the charge on a conspiracy count, coupled with asking the court to strike the language from the substantive instructions, constituted invited error. *Id.*

*Laws* controls the outcome in this case. Without requesting a limiting instruction, the defendant invited the error. He cannot now be heard to complain that his appellate lawyer was ineffective in failing to raise this issue on his direct appeal. It was an unpreserved issue and did not rise to the level of fundamental error. We find no merit in the other issues raised.

*Petition Denied.*

WARNER and STEVENSON, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**