DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE ALLISON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4239

[November 18, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Rothschild, Judge; L.T. Case No. 06-017966CF10A.

George Allison, Milton, pro se.

No brief filed for appellee.

GERBER, J.

The defendant appeals from the circuit court's order summarily denying grounds one, two, and three of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief following his convictions for false imprisonment (as a lesser included offense of kidnapping with a weapon), attempted robbery (as a lesser included offense of attempted robbery with a weapon), and conspiracy to commit the substantive offenses. We affirm without comment the summary denial of grounds two and three of the defendant's motion. However, we accept the state's concession that the summary denial of ground one requires further review. Therefore, we reverse on ground one and remand for further proceedings.

Ground one argued that the trial court had read the "principals" jury instruction as applying to all three counts. According to the defendant, his trial counsel was ineffective by failing to object to the standard "principals" instruction being applied to the conspiracy count. The defendant argued:

Counsel should have objected to the giving of the standard principal[s] instruction in connection with the criminal conspiracy charge on the basis that conduct which aids and abets an offense is insufficient as a matter of law to prove conspiracy [because] the acts of aiding and abetting cannot, without more, also make each actor a principal in the crime of conspiracy to commit such offense.

The defendant argued that his trial counsel's ineffectiveness prejudiced him in the jury's consideration of the conspiracy count. The defendant points out that, during the jury's deliberations, the jury asked the following question: "[I]f one is guilty of a conspiracy, are they automatically guilty of the physical actions of another?" When the court asked the parties to suggest a response to the jury's question, the state asked the court to re-read the "principals" instruction. The defendant's trial counsel agreed. Based on that agreement, the court re-read the "principals" instruction to the jury. According to the defendant in his postconviction motion:

It is obvious the jury was clearly confused about what elements had to be established in order for the Defendant to be found guilty of criminal conspiracy, and [that] confusion was compounded when the court read the principal[s] instruction in connection with the charged count[] regarding criminal conspiracy which was not an entirely correct statement of law under the circumstances. . . .

Specific prejudice ensued, in that the giving of the principal[s] instruction allowed the jury to find that Defendant was a participant of the conspiracy to kidnap and rob [the victim] if it concluded that [Defendant] did anything to aid or abet the underlying crime.

The trial court summarily denied ground one as follows: "This alleged error is an issue which was or could have been raised on direct appeal; there was no abuse of discretion; therefore, this claim is without merit and denied."

In the defendant's initial brief to this court, he argues that the trial court erred in summarily denying ground one for two reasons.

First, the defendant argues, contrary to the trial court's order, he "could not have raised the issue on direct appeal because trial counsel failed to object."

Second, the defendant argues, he was correct on the merits that his trial counsel should have objected to giving the standard "principals" instruction in connection with the conspiracy count. In support of that argument, the defendant cites *Evans v. State*, 985 So. 2d 1105 (Fla. 3d DCA 2007), for the following proposition:

> [E]vidence that a person aided and abetted another in the commission of an offense, although sufficient to convict the person as a principal in such offense under Section 777.011, Florida Statutes (1977), is insufficient to convict either person of a conspiracy to commit the subject offense.

*Id.* at 1106 (quoting *Ramirez v. State*, 371 So. 2d 1063, 1065 (Fla. 3d DCA 1979)) (footnote and quotation marks omitted).

In response, the state concedes it is impossible to discern from the record why the defendant's trial counsel agreed to giving the "principals" instruction in connection with the conspiracy count. Therefore, the state concedes, this court must remand ground one of the defendant's postconviction motion to the trial court for an evidentiary hearing or attachment of portions of the record which conclusively show that the defendant is entitled to no relief on ground one. *See Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.").

We agree with the state's response. Based on the foregoing, we reverse the trial court's summary denial of ground one of the defendant's postconviction motion, and remand ground one to the trial court for an evidentiary hearing or attachment of portions of the record which conclusively show that the defendant is entitled to no relief on ground one.

*Reversed and remanded for proceedings consistent with this opinion.*[1]

---

[1] In reaching our decision, we distinguish *Rondon v. State*, 157 So. 3d 360 (Fla. 4th DCA 2015) (denying the defendant's petition for habeas corpus relief alleging ineffective assistance of *appellate* counsel for not raising on appeal the unpreserved argument that the trial court erred in giving the principal instruction in connection with a conspiracy count), and *Laws v. State*, 149 So. 3d 104 (Fla.

WARNER and TAYLOR, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

4th DCA 2014) (affirming the defendant's conspiracy conviction *on invited error grounds* where the defendant successfully asked the court to strike "principals" language from the substantive offense instructions in favor of a "principals" instruction applying to both the substantive offenses and the conspiracy offense).