[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11587
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cv-00684-CEH-PRL

CHESTER L. SCOTT,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 24, 2021)

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Chester L. Scott, a Florida prisoner, appeals the district court's denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. He contends that the district court erred in denying his two claims of ineffective assistance of counsel. First, Scott contends that his trial counsel was deficient for not challenging the trial court's instruction to the jury that it could find him guilty as a principal to his charge of conspiracy to traffic in cocaine. Second, he argues that his state appellate counsel was deficient for not raising the same issue on direct appeal.

We review the district court's denial of habeas corpus relief under 28 U.S.C. § 2254 *de novo* and any factual findings for clear error. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). An ineffective assistance of counsel claim is a mixed question of law and fact that we review *de novo*. *Id*. Our review under § 2254 is limited to the issues specified in the certificate of appealability ("COA"). *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010).[1]

Under § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, a federal court may not grant habeas relief on a claim that was previously adjudicated on the merits in state court, unless the adjudication was (1) "contrary

---

[1] The district court granted a certificate of appealability to determine "whether Petitioner is entitled to relief on the ground that his trial counsel and appellate counsel rendered ineffective assistance in failing to object to the jury instructions challenged in Grounds Four and Five of the petition."

2

to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d). A state court's factual findings are presumed correct absent clear and convincing evidence to the contrary. *See id.* § 2254(e)(1).

A state-court decision is contrary to clearly established federal law if the state court applied a rule that contradicted governing law set forth in a Supreme Court case or if the state court confronted a set of facts that were materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrived at a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A decision involves an unreasonable application of clearly established law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts." *Id.* at 407–08. In determining unreasonableness, the court does not ask whether the state court decided an issue correctly but whether the court's decision was objectively unreasonable. *Renico v. Lett*, 559 U.S. 766, 772 (2010).

A federal habeas court reviewing an unexplained state-court decision on the merits should "look through" that decision to the last related state-court decision that provides a relevant rationale and presume that the unexplained decision adopted the same reasoning. *Wilson v. Sellers*, 138 S. Ct. 1188, 1193-96 (2018). Where there is no underlying state court decision accompanied by a statement of

3

reasons, a state court's summary adjudication of a petitioner's claim is still an adjudication on the merits and is entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011).

To establish ineffective assistance of counsel, a petitioner must show that (1) his attorney's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To make such a showing, a defendant must demonstrate that "no competent counsel would have taken the action that his counsel did take." *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (internal quotations omitted); *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (*en banc*). With respect to prejudice, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Failure to establish either prong is fatal and makes it unnecessary to consider the other. *Id.* at 697.

When coupled with § 2254(d), *Strickland* review of a lawyer's performance is "doubly" deferential. *See Harrington*, 562 U.S. at 105. Under § 2254(d), "the

4

question is not whether counsel's actions were reasonable." *Id.* Rather, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* While a claim of "'ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension,' we 'must defer to the state's construction of its own law' when the validity of the claim that appellate counsel failed to raise turns on state law." *Pinkney v. Sec'y, Dept. of Corr.*, 876 F.3d 1290, 1295 (11th Cir. 2017) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)).

Under Florida law, evidence that a defendant aided or abetted another in the commission of an offense is sufficient to convict the defendant as a principal to the offense, but insufficient to convict the defendant of a conspiracy to commit the subject offense. *Evans v. State*, 985 So. 2d 1105, 1106 (Fla. Dist. Ct. App. 2007). Giving an instruction on the law of principals in conjunction with a conspiracy offense creates a danger that a jury could find the defendant guilty of being a member of the conspiracy if it concludes that he aided or abetted the underlying crime. *Id.* at 1107. Florida appellate courts thus have consistently vacated the defendant's conspiracy conviction when the principal instruction was given in conjunction with a conspiracy offense. *See, e.g.*, *Hilbert v. State*, 992 So. 2d 441, 441 (Fla. Dist. Ct. App. 2008).

5

In Florida, "[j]ury instructions are subject to the contemporaneous objection rule, and in the absence of a contemporaneous objection at trial, relief regarding error in the instructions can be granted on appeal only if that error is fundamental." *Floyd v. State*, 850 So. 2d 383, 403 (Fla. 2002). For an error to be fundamental, it "must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960).

Here, the Florida state court's decision denying Scott's claims of ineffective assistance of trial and appellate counsel was not objectively unreasonable. Because the last state court decision—the Fifth District Court of Appeal's per curiam decision, *Scott v. State*, 198 So. 3d 639 (Fla. Dist. Ct. App. 2015)—is unexplained, we "look through" to the state trial court's decision. *See Wilson*, 138 S. Ct. at 1193–96. With respect to ineffective assistance of *trial* counsel, the state circuit court denied the claim because counsel's failure to object to the principal instruction didn't prejudice Scott. The state court based its decision on the overwhelming evidence admitted against Scott in trial, including 30 intercepted phone call recordings pertaining to drug trafficking, video evidence showing Scott picking up cocaine, and the testimony of Kadrinne Brewton and Ivan Starkes about their drug activity with Scott. Thus, the court explained, Scott's argument that he was convicted only because of the principal jury instruction was merely

6

"speculation." In light of the strong evidence presented against Scott at trial that supported the conspiracy to traffic in cocaine charge, we cannot say that the state court's decision was objectively unreasonable. Scott has not shown how the state court unreasonably applied *Strickland* or shown by clear and convincing evidence that the state court made an unreasonable determination of the facts.

Because trial counsel did not object to the principal jury instruction, Scott's ineffective assistance of *appellate* counsel claim turns on whether the alleged trial error is "fundamental" under Florida law. If the error is not fundamental, then Scott's appellate counsel would have been procedurally barred from raising it on appeal, and so he could not have been ineffective for failing to raise it. *See Floyd*, 850 So. 2d at 403; *Pinkney*, 876 F.3d at 1298–99. It appears that Florida courts are split on whether a trial court's giving the principal instruction in conjunction with a conspiracy offense constitutes a fundamental error. *Compare Rondon v. State*, 157 So. 3d 360, 362 (Fla. Dist. Ct. App. 2015) (Fourth District holding error is *not* fundamental), *with Hilbert*, 992 So. 2d at 441 (Third District holding error is fundamental). The state trial court here sided with the Fourth District and ruled that the error was not fundamental, and the Fifth District summarily affirmed. Given that whether an error is "fundamental" is a question of Florida law, "it is not [our] role to examine the propriety" of that decision. *Pinkney*, 876 F.3d at 1298–

7

99.  Thus, we cannot conclude that it was objectively unreasonable for the state court to reject Scott's ineffective assistance of appellate counsel claim.

**AFFIRMED.**