DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS ALBERT PANNIER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-1361

[April 10, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Darren Steele, Judge; L.T. Case No. 50-2018-CF-001694-B.

Carey Haughwout, Public Defender, and Nancy Jack, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals his convictions for possession of oxycodone and hydromorphone, raising five issues: (1) fundamental error in closing argument, (2) fundamental error in failing to instruct the jury on an affirmative defense, (3) error in denying appellant meaningful access to the courts, (4) error in denying appellant a twelve-person jury, and (5) error in imposing investigative costs and $200 in prosecution costs. We affirm on all issues, except we reverse on the last issue regarding investigative and prosecution costs.

Appellant was charged with trafficking in oxycodone and hydromorphone following a joint Martin County Sheriff's Office and DEA investigation of appellant and his wife. Appellant was convicted of the lesser-included offenses of possession of oxycodone and hydromorphone.

Initially, appellant argues fundamental error occurred when the state argued that appellant admitted he had just purchased the drugs when the state never elicited such testimony from the detective. We find no

fundamental error occurred because the state introduced other evidence regarding appellant's admission and participation in the drug buy, including the testimony of appellant's wife who testified as a cooperating witness. *See Cannon v. State*, 315 So. 3d 732, 743 (Fla. 4th DCA 2021). Further, defense counsel herself referred to appellant's admission during closing arguments. Appellant also argues that the state improperly shifted the burden of proof in closing. We find no error occurred, much less fundamental error, because the state's arguments were permissible comments on the evidence presented. *See Bell v. State*, 108 So. 3d 639, 648 (Fla. 2013); *Reyes v. State*, 700 So. 2d 458, 460-61 (Fla. 4th DCA 1997); *Wilchcombe v. State*, 842 So. 2d 198, 199-200 (Fla. 3d DCA 2003).

Next, appellant argues the trial court erred in failing to instruct the jury that appellant's affirmative defense of valid prescription applied to the lesser-included offense of possession. We find appellant waived this issue because defense counsel affirmatively agreed to the instruction. *Universal Ins. Co. of N. Am. v. Warfel*, 82 So. 3d 47, 65 (Fla. 2012); *Laws v. State*, 149 So. 3d 104, 106 (Fla. 4th DCA 2014). Even if this issue had not been waived, no fundamental error occurred because the defense of valid prescription was not appellant's primary defense, which was that the illegal drugs were actually possessed by appellant's wife. *See Martinez v. State*, 981 So. 2d 449, 456 (Fla. 2008). Further, the valid prescription defense was "weak" because it would not apply to all the drugs appellant was charged with possessing, specifically the hydromorphone, since appellant had a prescription for only a low dose of oxycodone.[1] *See id.* at 456-57.

Appellant further argues the trial court denied appellant meaningful access to the courts by not requiring the state to provide discovery to appellant, who appeared pro se for a period, in a form he could view. Initially, we find this issue was not raised below and therefore is not preserved. *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985). Even if it had been preserved, appellant was not denied meaningful access to the courts because appellant's counsel had meaningful access to discovery for approximately eight months before trial.

Appellant's next claim, that he was entitled to a twelve-person jury, has been rejected by this court. *See Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *review denied*, SC2022-1597, 2023 WL 3830251 (Fla. June 6, 2023), *cert. pending*, No. 23-5173 (U.S. July 21, 2023).

---

[1] Appellant had a prescription for a 10-milligram dose of oxycodone, but was charged with a 30-milligram dose, which was not covered by the prescription.

Finally, appellant contends the trial court erred in imposing costs of investigation and $200 in costs of prosecution. The state concedes the costs of investigation should be stricken, as there was no agency request or evidence of the amount. *Jackson v. State*, 137 So. 3d 470, 472 (Fla. 4th DCA 2014). Further, the investigative costs may not be reimposed on remand. *Richards v. State*, 288 So. 3d 574, 577 (Fla. 2020); *Beauford v. State*, 375 So. 3d 923, 924 (Fla. 4th DCA 2023). The state also agrees the costs of prosecution must be reversed because the state did not request or submit proof of prosecution costs exceeding $100. *Cabrera v. State*, 375 So. 3d 924, 925 (Fla. 4th DCA 2023). Thus, we reverse and remand with instructions to reduce the prosecution costs to $100 or impose additional prosecution costs upon request and sufficient proof by the state. *See id.* We also reverse and remand with instructions to strike the investigative costs.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and ARTAU, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**